Argued April 11, affirmed July 11, 1928.

## LELA NYHART v. OREGON STAGES, INC.

(268 Pac. 982.)

108

For appellant there was a brief over the name of *Messrs. Wilbur, Beckett, Howell & Oppenheimer,* with an oral argument by *Mr. E. K. Oppenheimer.*

For respondent there was a brief and oral argument by *Mr. W. C. Winslow.*

COSHOW, J.—■■ A careful examination of the evidence convinces us there was sufficient substantial evidence of defendant's negligence to take the case to the jury. The evidence does not convince us that plaintiff was guilty of negligence contributing to her own injury as a matter of law. We must accept the facts established by the jury's verdict.

■■ Defendant relies very confidently upon the case of *Ramp* v. *Osborne,* 115 Or. 672 (239 Pac. 112). After the instant case was tried, the authority of *Ramp* v. *Osborne* was greatly weakened by the decision of this court in *Casto* v. *Hanson,* 123 Or. 20 (261 Pac. 428), decided November 15, 1927. But in the Ramp case the plaintiff failed to look to his right as required by the statute after he came to within 200 yards of the highway. The court held it the duty of plaintiff in the Ramp case to "keep a lookout at all times the danger exists. Instead of being intermittent, as the traveler gets nearer the crossing it persists and reaches its climax when he actually crosses the road. * * It is not meant by this that in all cases the driver on the left shall constantly gaze fixedly towards his right." *Ramp* v. *Osborne,* 115 Or. 672, 690, 691 (239 Pac. 112). The testimony in the instant case is to the effect that plaintiff looked and saw the stage coming when it was north of the prune dryer. The prune dryer was variously estimated to be from 400 to 600 feet north of where plaintiff's car was standing when she first saw it. She then drove about 30 feet to the paved portion of the highway when she looked again at the stage which was opposite said prune dryer. She traveled 55 feet along the pavement and had attained the

speed of about 10 miles an hour. She then looked for the stage again as she turned to cross the pavement and estimated it was "150 feet back." Plaintiff believed from her observation as she turned, going about, as she said, 10 miles an hour, that she had ample time to cross in front of the stage. Plaintiff had less than 16 feet to go to cross the paved portion of the highway which the bus is supposed to have been traveling. Defendant argues that since the stage had traveled 350 feet while she had traveled 55 feet that she knew the stage was traveling seven times as fast as her car, and for that reason plaintiff was guilty of contributory negligence as a matter of law. By the same reasoning defendant was traveling at the rate of more than 70 miles an hour in order to have collided with plaintiff's car where it did. Plaintiff could not have traveled more than about 16 feet at the rate of 10 miles an hour when she was struck by defendant stage. Traveling at 70 miles an hour plaintiff would have traveled 112 feet. Whether or not she exercised ordinary care under the circumstances was a question of fact. Plaintiff had a right to assume, unless the contrary appeared to her, that defendant would continue on the paved portion of the highway and at a lawful rate of speed. We cannot, therefore, accepting defendant's argument and figures, say as a matter of law that plaintiff was guilty of contributory negligence in crossing the pavement in front of the stage. We must judge her conduct by the appearance to her of the conditions at the time, and in the light of the verdict, assume her to be a person of ordinary judgment and prudence. We do not base our decision, however, upon the figures and distances as presented by defendant. That one look-

ing directly in the face of an oncoming car cannot accurately estimate its distance or speed is so well known that we may take judicial knowledge thereof. For that reason the question of alleged contributory negligence in this case was one of fact: *Johnson* v. *Underwood,* 102 Or. 680 (203 Pac. 879); Berry on Auto. (3 ed.), § 191; Huddy on Auto. (7 ed.), § 311; Babbitt on Auto. (3 ed.), §§ 535, 536; 1 Blashfield's Cyc. of Auto. Law, 467; *Hughes* v. *Hudson-Brace Motor Co.,* 111 Kan. 397 (207 Pac. 795); *Bramley* v. *Dillworth,* 274 Fed. 267; *Petring* v. *Albers* (Mo. App.), 241 S. W. 452; *Weber* v. *Beeson,* 197 Mich. 607 (164 N. W. 225); note in 21 A. L. R. 982. The court did not err in denying the motion for a directed verdict in favor of defendant.

Defendant contends that the court erred in giving the following instruction:

"You are instructed that if when plaintiff was ready to turn from the highway and leave the same, she had time, driving at a lawful rate of speed and acting as an ordinary prudent person would act, to entirely leave the highway before the arrival of the defendant's stage, that she would have a right to do this, and the question of right of way would not enter into the case."

This instruction together with the other instructions, in our opinion, correctly states the law. One traveling on the highway approaching an intersection and having ample time to cross said intersection before an automobile approaching from the right would enter said intersection is not obliged to wait until the automobile approaching from the right should cross the same. The rule requiring the drivers of automobiles to give preference to the automobile simultaneously approaching an intersection

of the highway from the right must be construed reasonably. It was not intended that one approaching an intersection from the left should be compelled to wait unduly because at some distance therefrom another automobile is approaching from the right. The automobile approaching from the left has a right to move on, unless the one from the right is approaching at such distance or at such speed as likely to collide at the intersection, if the one from the left should proceed. In the instant case plaintiff used due diligence in observing the oncoming stage. If she made a mistake it was one of judgment. At the same time if the stage had kept to the paved highway, the collision would not have occurred. Plaintiff's car when struck was where it had a right to be, and where she even had a right to park. Defendant advances this principle: *"When there are no vehicles which can be interfered with,* one is at liberty to drive on any part of the highway he may choose or may find most convenient or agreeable for the purpose of travel."* We do not understand how this principle can help defendant. Plaintiff's automobile was in the highway, although off the paved portion. Defendant had no right to run into plaintiff's automobile. It would not have had that right if plaintiff's automobile had been parked there. There was a *vehicle* which could be *intefered with* when defendant's stage approached the intersection.

Defendant also complains of the instruction regarding the rate of speed. We think the court correctly stated the law in that behalf. We iterate that plaintiff repeatedly looked at the oncoming stage, and thought she had ample time to cross the paved portion of the highway before the stage would enter the intersection. The jury evidently believed she

did, and that but for defendant's stage leaving the paved portion of the highway toward the right there would have been no collision.

■ Defendant also complains because the court refused to give the following requested instruction:

"I instruct you it would be contributory negligence on the part of the plaintiff to heedlessly drive her car in front of defendant's machine, although the latter was exceeding the speed limit."

The court properly refused to give said instruction. It implies that plaintiff heedlessly drove her car in front of defendant's machine. To have given the instruction would have invaded the province of the jury. We have carefully examined the instructions, and taken as a whole they are very favorable to defendant's position. Defendant also complains because the court did not instruct the jury upon the question of pure accident as requested by defendant. The court gave the requested instruction substantially. They were complete, fair and proper.

*Santoro* v. *Brooks,* 121 Or. 424 (254 Pac. 1019), is similar to the case at bar. In the Santoro case the verdict was for defendant operator of the stage. The verdict in that case as in the case at bar settled the facts. This court accepted the verdict as final as to the facts, and the opinion is based on the verdict. Had the verdict in the instant case been for defendant, we would have been bound thereby. In other words, the problem presented by the facts was solved by the jury. The record being free from error of law, the judgment is affirmed. AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.