Argued September 9; affirmed October 15; rehearing denied
December 16, 1947

# SNYDER *v.* PORTLAND TRACTION
# COMPANY

185 P. (2d) 563

*John J. Coughlin* of Portland (with Griffith, Peck, Phillips & Nelson on brief), for appellant, Portland Traction Company; and *W. K. Phillips* of Portland (Sheppard & Phillips on brief), for Raymond Pfieffer, appellant.

*Nels Peterson* of Portland (with Green & Landye and Donald S. Richardson on brief), for respondent.

BELT, J.

Plaintiff, a young married woman 25 years of age, seeks to recover damages for personal injuries alleged to have been sustained as a result of a collision between a bus, in which she was riding as a paid passenger, and an automobile operated by the defendant Pfieffer. The collision occurred about 5 P. M., March 16, 1945, at the intersection of S. E. Division Street and 34th Avenue, in the city of Portland.

Plaintiff in her complaint charged the defendant Portland Traction Company—the operator of the bus as a common carrier—with negligence as follows:

"1. In driving and operating said bus at said time and place at a reckless and dangerous rate of speed, under the circumstances then and there existing.

"2. In failing and neglecting to maintain said bus under proper or any control so as to have been able to stop, swerve or otherwise avert the collision aforesaid.

"3. In driving and operating said bus into, upon and against the rear end of said automobile at said time and place.

"4. In failing to maintain a proper or any lookout for other vehicular traffic at said time and place, and particularly for the automobile aforesaid.

"5. In driving and operating said bus too closely behind said automobile, so as to have made it unsafe under the circumstances then and there existing, taking into consideration the speed and position of the vehicles.

"6. In failing and neglecting to warn said plaintiff of the impact, so as to have made it possible for plaintiff to protect herself."

It was alleged that Pfieffer was negligent in the following particulars:

"1. In driving his said automobile at an excessive rate of speed, under the circumstances· then and there existing.

"2. In suddenly stopping said vehicle or slowing the motion thereof without warning.

"3. In failing to maintain a proper or any lookout for other vehicular traffic at said time and place, and particularly for said bus of said defendant.

"4. In failing to give a proper signal upon turning said automobile off said S. E. Division Street.

"5. In failing to keep and maintain said automobile in the proper lane for making a turn off said S. E. Division Street."

Each of the defendants filed separate answers to the complaint denying the alleged negligence and that the plaintiff was injured as a proximate result thereof.

The cause was submitted to a jury and a verdict returned against the defendants in the sum of $6,560.00. Both defendants have appealed, assigning numerous errors.

A brief statement of the facts is deemed necessary. The bus and the automobile were both going east on Division Street, a through avenue 36 feet in width from curb to curb, with a yellow line down the center thereof.

The bus was on the right-hand side of the street and in the outer lane of traffic, a few feet from the south line of Division Street. It was traveling about 23 miles per hour and was being driven by a young woman named Anne Cramer. The plaintiff was seated directly behind the driver. The evidence is conflicting as to the place where the defendant Pfieffer passed the bus immediately prior to reaching the intersection. Pfieffer testified that he passed the bus on its left side about two blocks west of the intersection, intending to go to a gasoline service station located on the south side of Division Street near the intersection, but since the entrance thereof was blocked by other cars, turned to the left and resumed his place in the inner lane of traffic. Pfieffer says that he signaled his intention to make a right turn into 34th Avenue when he was about 50 or 60 feet from the intersection and that he reduced his speed to 12 or 15 miles per hour. The bus struck the right rear fender of Pfieffer's car when it was about five feet from the curb at the southwest corner of the intersection.

Anne Cramer, the bus driver, testified that Pfieffer, "straddling" the yellow line, was traveling about 25 miles per hour, and passed her 100 feet from the intersection. She denies that Pfieffer gave any signal of his intention to turn right into 34th Avenue and says that when he was about 20 feet in front of her, he suddenly cut in front of the bus. She says that she applied the brakes just as Pfieffer made the turn, and "I hit the right rear fender."

When the driver of the bus applied the brakes, the plaintiff was thrown violently forward against the front of the bus and asserts that she was thereby injured. It is not claimed that the plaintiff was guilty

of contributory negligence or that she was the victim of a "pure accident."

■■ It is fundamental that if the plaintiff is to recover against these defendants, or either of them, such recovery must be based on one or more particulars of negligence as charged in the complaint and that such negligence is the proximate cause of her injuries. Of course, it was proper for either of the defendants, as a matter of defense, to introduce evidence tending to show the proximate cause of the injuries of which plaintiff complains. What was the cause of the collision? Did Pfieffer, without giving any signal of his intention to turn to the right, suddenly cut in front of the bus at the intersection? Was Pfieffer in the proper lane of traffic when he started to turn to the right in the intersection? Was the collision due to the failure of the bus driver to exercise proper control of her vehicle? Was she driving too close to the Pfieffer car when it started making the right-hand turn? Was the collision caused by the combined negligence of the defendants? These are the real questions in the case.

■■ Error is assigned because the clerk, in administering the oath to the jurors, failed to mention the defendant Pfieffer. It is conceded that the oath was administered in the usual form so far as the other defendant was concerned. The parties were in court, and we think the oath sufficiently identified the cause of action on trial. We view this assignment as being rather technical. If there had been 50 defendants, would it be contended that all of them must be specifically named? We accept the recital in the judgment order that the jury was "duly empaneled and sworn to try the above entitled cause." If any error was committed in administering the oath, it was waived by the de-

fendants, who failed to make timely objection. 31 Am. Jur. 648 § 120; Bancroft's Code Practice and Remedies, § 1139. In the instant case, the defendants moved for a mistrial after the opening statement of counsel to the jury and a motion for a view of the premises had been made.

■■ No error was committed in sustaining the objection to an offer in evidence of a "Traffic Accident Report." Defendant Pfieffer urges that this police report made by Officer Bush—who investigated the accident and filed the report with the police records—is admissible because it is a record of an "act, condition or event," as provided in the "Uniform Business Records as Evidence Act," chapter 414, Oregon Laws, 1941. We think the statute has no application. The police officer did not see the collision occur, and his report, in the main, is based upon what various individuals—including interested parties—told him about it. Such evidence is pure hearsay. In any event, the defendant Pfieffer was not injured, as Officer Bush testified about what he observed immediately following the accident. The precise question was before the New York court in *Johnson v. Lutz*, 170 N. E. 517, and it was held under a similar statute that such reports were inadmissible. The report offered in evidence was, as the court said, "not made in the regular course of any business, profession, occupation or calling."

■■ We think no error substantially affecting the interests of the defendant Pfieffer was committed in giving the following instruction:

"Each of the operators of the vehicles involved in this collision was under legal duty and responsibility to comply with the following provisions of the Oregon law:

\* \* \* \* \*

" 'Nor shall any person drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or conveyance on or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care.' "

Counsel for the defendant Pfieffer thus excepted to the above instruction:

"I want a further exception as to giving the statutory instruction as to keeping a car under sufficient speed and control that you shouldn't run into any person or other vehicle, on the ground and for the reason that you let them apply that statutory requirement to the defendant Pfieffer, when the evidence shows that he didn't run into anything at all. You instructed them as to that and applied it to Pfieffer also.

"THE COURT: That was the basic rule.

"MR. PHILLIPS: As to control. It should have been limited to the Portland Traction Company and not applied to Pfieffer, because there is no showing here that he ran into anything or that that could have been the proximate cause of any negligence on his part."

The above instruction is subject to criticism in that it is abstract in some particulars as applied to the defendant Pfieffer. We think, however, that the attention of the jury was not thereby diverted from the real issues of the case. The jury undoubtedly knew that the bus ran into the car driven by the defendant Pfieffer. It was so conceded by the driver of the bus. The court specifically instructed the jury that it could find against the defendant Pfieffer only on the ground of negligence as charged in the complaint. Not every abstract instruction justifies a reversal. As said in

*Miami Quarry Co. v. Seaborg Packing Company,* 103 Or. 362, 204 P. 492:

"Though it is error to instruct the jury upon abstract propositions of law, a case will not be reversed upon that account, unless the court is able to see 'that under the circumstances disclosed by the record, the jury may have been, and probably were, misled, to the injury of the complaining party.'"

■ The reading of the statutory rules of the road to the jury, although not within the issues of the pleadings, did not, in the light of the entire charge, operate to the prejudice of either defendant. *Hornby v. Wiper,* 155 Or. 203, 63 P. (2d) 204. It is entirely possible that the jury, having heard the general statutory rules governing the operation of vehicles on public highways, were better able to pass on the specific allegations of negligence as charged in the complaint. The defendant Portland Traction Company took no exception to this instruction, which the court gave without being requested to do so.

■ Defendant Pfieffer asserts the court erred in giving the following instruction:

"The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction * * * at any intersection of highways, unless such movement can be made in safety.

"The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance * *.

"Violation of any of these provisions of the Oregon law would constitute negligence."

Defendant Pfieffer took the following exception:

"I want the further exception to your Honor's instructing the jury on the statutory requirements of passing on the left side. There is no claim in the complaint at all in any way, no charge made by

the complaint, that the accident was due to passing on the left side, or passing at all anywhere, at any time. The specific charges in the complaint say nothing about passing an automobile on the right or left, or anywhere, and the evidence conclusively shows that the defendant Pfieffer was passing the defendant Portland Traction Company's driver on the left side, and it didn't have anything to do with the lawsuit, or any claim for that; so it is an abstract instruction, of no benefit, and confusing to the jury, and giving them a basis upon which to bring a verdict against the defendant Pfieffer on a charge not made against him.

"THE COURT: On that, the record will note that I gave your requested instructions."

Defendant Pfieffer had submitted a request that the court instruct the jury upon the foregoing statutory rules but preceded by this language: "The statutes controlling the operation of this Traction Company bus were as follows:" Save for the omission of the language just quoted, the instruction given was exactly as requested by the defendant Pfieffer, who has not assigned as error the court's refusal to instruct as requested. His exception to the instruction given is based upon these grounds: (1) that the complaint does not charge a violation of the statute governing the passing of one automobile by the other; (2) that the evidence is conclusive that Pfieffer passed on the left side; and (3) that the instruction is abstract, "giving them (the jury) a basis upon which to bring in a verdict against the defendant Pfieffer on a charge not made against him."

In view of clear and specific instructions by which the jury were told that the plaintiff could not recover against either defendant except on proof of some negligent act of such defendant alleged in the com-

plaint, we think that the jury would not and did not take the instruction complained of as authority to do otherwise, but rather that it would be considered by them as a guide in determining what was the proximate cause of the accident in view of the defenses asserted. That must be the theory on which counsel for the defendant Pfieffer submitted the requested instruction to which we have referred, because there is no charge in the complaint that the defendant Portland Traction Company violated the statute as to passing. The defendant Pfieffer, therefore, can scarcely be heard to say that by giving such an instruction the court would charge the jury that they could find against either defendant on proof of negligence not alleged in the complaint.

It is quite true, however, that as far as the defendant Pfieffer was concerned, the instruction was abstract. There was some evidence from which the jury could have found that the bus was attempting to pass Pfieffer's car at the time of the accident. The bus driver testified that she "swerved slightly to the right to go by him (Pfieffer)." But the evidence shows without any contradiction that before the accident occurred, Pfieffer had passed the bus and that he passed on the left-hand side. In other words, there is no suggestion in the evidence that Pfieffer violated the passing statute. This being so, it is not apparent to us how Pfieffer could have been injured by the instruction in question, because, if the jury gave any consideration at all to the matter of passing—which is doubtful—it is not to be assumed, and we are entirely unwilling to assume, that it found in the face of all the evidence to the contrary that the defendant Pfieffer was guilty of violating that statute. It is a clear case of an abstract instruction which did not

prejudice the rights of the party complaining of it. The case of *Fehely v. Senders,* 170 Or. 457, 135 P. (2d) 283, 145 A. L. R. 1092, cited by the defendant Pfieffer is clearly different, because in that case the error consisted primarily in instructing the jury on negligence not alleged in the complaint and telling the jury at the same time that it could base a verdict in favor of the plaintiff and against the defendant on account of such negligence.

■ The defendant Portland Traction Company also assigns as error the giving of the instruction under consideration. The instruction was applicable under the evidence to the operation of that defendant's bus, and the rule as to passing was proper to be considered by the jury in connection with the defense made by Pfieffer, although not as a ground of recovery by the plaintiff against the Traction Company. *Fehely v. Senders,* supra. It would have been well for the court to have cautioned the jury when giving this instruction that they could not base a verdict against the Traction Company and in favor of the plaintiff upon a violation of the passing statute; but counsel did not suggest such a modification of the instruction, and, in the circumstances of this case, we think that no prejudice could have resulted from the failure to include it in the instruction.

■ The sixth specification of negligence against the defendant Portland Traction Company was withdrawn from consideration of the jury. The defendant Pfieffer complains because the court, in withdrawing the charge of negligence, stated that "the situation here shows that a warning would have been of no avail." The defendant Pfieffer took exception as follows:

"I want an exception to your Honor's way and

manner of withdrawing the charge of failure to give warning in so far as the Portland Traction Company is concerned, on the ground and for the reason that you told the jury that the failure to give warning could not be the proximate cause of this accident, which, in other words, in so far as Pfieffer is concerned, is telling the jury that the defendant Portland Traction Company's driver didn't have time to do anything else; that if you were to withdraw the charge of negligence, then it should just have been withdrawn, and it is the province of the jury to determine what the proximate cause is, and you should have done so without prejudice to the defendant Pfieffer.''

It would have been far better had the court merely withdrawn the specification of negligence without giving a reason which might cause a jury to make unfavorable inferences.

 The defendant Portland Traction Company assigns as error the giving of the following instruction:

"Under the undisputed evidence in this case plaintiff was of the age of twenty-five years at the time of the happening of the accident complained of. You are instructed that plaintiff, therefore, as of that time, under the standard mortality tables would have a life expectancy of 38.81 years. You may take into consideration plaintiff's age and her expectancy of life in determining the extent of her injuries.''

The instruction is subject to criticism in that the jury was, in effect, advised that the standard mortality tables conclusively determined the life expectancy of the plaintiff. Mortality tables reflect the experience of insurance companies relative to the life expectancy of an average person of a certain age. It is an estimate based upon experience and scientific investi-

gation. The plaintiff's life expectancy was a question of fact for the jury to determine after a consideration of all the evidence, including the standard mortality tables. Was the life expectancy of the plaintiff above or below that of an average person of her age? No doubt the court was influenced by what this court, speaking through Justice Coshow, said in *Adskim v. Oregon-Washington R. & Nav. Co.*, 134 Or. 574, 294 P. 605. The later decision in *Frangos v. Edmunds*, 179 Or. 577, 173 P. (2d) 596, is an accurate declaration of the law and impliedly overrules the Adskim case in so far as it is in conflict therewith. It is believed, however, that the jury was not misled thereby in the assessment of damages.

The court was right in refusing to give the following instruction requested by defendant Pfieffer:

"I instruct you that the Court takes judicial notice that one looking directly in the face of an oncoming car cannot accurately estimate its distance or speed. Therefore, you are required to accept that fact without any evidence thereof."

However, the above instruction is supported by *Nyhart v. Oregon Stages, Inc.*, 126 Or. 105, 268 P. 982, wherein the court said, "That one looking directly in the face of an oncoming car cannot accurately estimate its distance or speed is so well known that we may take judicial knowledge thereof." No authorities are cited to sustain this proposition, and after diligent research, we have been unable to find any that do. Testimony of a witness who estimates the speed of an oncoming car may be weakened by reason of his position when observing the approaching car, but it is not a matter of which the court should take judicial knowledge. The instruction tends to invade the province

of the jury. The language of the court in the Nyhart case has, in some instances, been perplexing to trial judges. We think it is time that this legal pronouncement should be expressly overruled.

There are other assignments of error in reference to the instructions, but we think none of them merit discussion. There is some substantial evidence tending to show that the injuries of the plaintiff are permanent, and the question of damages was properly submitted to the jury. It may be that the verdict is large in view of the injuries sustained, but this court is not permitted to substitute its judgment for that of the jury on the question of damages.

The plaintiff is clearly entitled to compensation from either one or both of the defendants. The record is not free from error, but we think no error was committed justifying the reversal of the judgment. We are convinced that the defendants had a fair trial.

Judgment is affirmed.