**LEVIN v. GREEN.**

No. 1489.

Municipal Court of Appeals for the
District of Columbia.

Argued May 3, 1954.

Decided June 21, 1954.

Jacob Sheeskin, Washington, D. C., with whom Seymour Berry, Washington, D. C., was on the brief, for appellant.

Vaden S. Pitts, Washington, D. C., with whom Hollowell, Pitts & Martin, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant sued in the Small Claims Branch of the Municipal Court for damages resulting from a collision between his automobile and that of appellee. Both vehicles

were proceeding south on the same street until they reached an intersection where they were stopped by a police officer. Because of an emergency the officer directed them to turn west. Appellant commenced his turn but before it was completed his automobile was struck by appellee's. The trial court awarded judgment for appellee and appellant applied for allowance of an appeal.[1] We granted the application because it presented a substantial question concerning the admissibility of evidence.

At the trial appellant appeared without counsel. Appellee did not appear but was represented by counsel. After appellant had testified he called the police officer as his witness. Cross-examination developed that officers of the accident investigation unit came to the scene of the accident and the witness aided them in making their report to the police department. Further cross-examination developed that the witness had read the report and knew "that it reflected the plaintiff was failing to give full time and attention * * *" and "indicated no improper driving on the part of the defendant."

As before stated appellee was not present at the trial. No witnesses were offered on his behalf, but at the close of appellant's case counsel for appellee "stated that he had a report made out by the Accident Investigation Unit and the Court asked him for it." The court read it and then returned it to counsel, but the report was never submitted to appellant for his inspection.

■ Though it appears that the police report was never formally offered and admitted in evidence, there is no doubt that it was received in evidence. Appellee's counsel produced it and the trial judge read it before making his findings. Appellant contends that the report was not admissible.

The report itself is not contained in the record. Whether it was the original report or a copy we do not know, and we might consider whether any document should be admitted in evidence on the mere statement of counsel without first giving the other side an opportunity of examining it. However, we prefer to turn to the more basic question of the admissibility of police officers' report of their investigation of an accident.

If the report was admissible its admissibility must rest on the Federal Shop Book Act,[2] which makes admissible records "made in regular course of any business," business being defined to include "business, profession, occupation, and calling of every kind." The question whether that statute makes a police report admissible has never been squarely decided in this jurisdiction. The Third Circuit Court of Appeals has ruled that a report made by a chief of police in his official capacity was admissible as made in the "regular course" of his business, even though it contained a summary of statements made by witnesses to the accident. McKee v. Jamestown Baking Co., 3 Cir., 198 F.2d 551. The same court has held admissible a report of a mine disaster made by the Bureau of Mines, even though the report contained conclusions of experts based on hearsay as well as observation. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 183 F.2d 467. On the other hand, a police report containing a statement made by one party to the accident and a summation of the entire affair made by the investigating officer was held inadmissible by the First Circuit Court of Appeals because of the "rankest hearsay" contained in the report. Gencarella v. Fyfe, 1 Cir., 171 F.2d 419. Generally the state courts have held inadmissible reports made by investigating officers who arrive at the scene after the accident and base their reports on what others have told them. Johnson v. Lutz, 253 N.Y. 124, 170 N.E. 517; Paliokaitis v. Checker Taxi Co., 324 Ill. App. 21, 57 N.E.2d 216; Davis' Adm'x v. Gordon, 309 Ky. 121, 216 S.W.2d 409; Wagner v. McKernan, 198 Okl. 425, 177 P.2d 511; Snyder v. Portland Traction Co., 182 Or. 344, 185 P.2d 563; Jacobson v. Bryan, 244 Wis. 359, 12 N.W.2d 789. See also Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719.

1. Code 1951, § 11-772.

2. 28 U.S.C. § 1732.

Three cases in this jurisdiction touch on the problem before us. In McWilliams v. Lewis, 75 U.S.App.D.C. 153, 125 F.2d 200, the officer who made the report testified and refreshed his recollection by means of his report. The report apparently contained nothing except what the officer had observed at the scene of the accident, because the court held that the admission in evidence of the report was not prejudicial since it added practically nothing to the officer's testimony. Judge Edgerton, writing for the court, stated that in his opinion the report was admissible under the Federal Shop Book Act but that the majority of the court expressed no opinion on that point. In New York Life Ins. Co. v. Taylor, 79 U.S. App.D.C. 66, 147 F.2d 297, the court held that hospital records containing hearsay, opinion or diagnosis were not admissible. Judge Edgerton dissented on the ground that the records were admissible under the Federal Shop Book Act. In Universal Airline v. Eastern Air Lines, 88 U.S.App. D.C. 219, 188 F.2d 993, 1000, the court, dealing with the admissibility of a report by an investigator of the Civil Aeronautics Board in a suit between two air lines, ruled: "The report of *ex parte* hearings and investigations are generally excluded, * *. Such reports, or testimony concerning such reports, would be hearsay based upon hearsay." The decision made no reference to the Federal Shop Book Act.[3]

The above cited cases from this jurisdiction lead us to the conclusion that in a civil action arising from an automobile accident a police report of the accident is not to be admitted under the Federal Shop Book Act if it contains hearsay or conjecture or conclusions.[4] Statements in a police report which are based on what the officer was told by others are just as much hearsay as if stated on the witness stand by the officer himself. Likewise inadmissible are conclusions and conjectures

by the officer as to fault or lack of fault of the respective drivers. Hearsay and conclusions gain no added evidentiary weight by reason of their inclusion in a police report. Skoller v. Short, City Ct., 35 N.Y.S.2d 68.

As stated earlier in this opinion, the record does not contain the police report, but we take judicial notice that the traffic accident report form commonly used by the police department calls for much information which the officer, unless an actual witness to the accident, could only give by way of hearsay. The form calls for statements as to the estimated speeds of the vehicles, what the drivers were doing, and what violations were indicated. Obviously one coming to the scene after the accident has occurred cannot have personal knowledge of the speeds of the cars and the actions of the drivers at the time of the accident, and any statement by such a person that a driver disregarded a stop sign or failed to give the right of way is pure conjecture unless based on an admission by the driver himself.

In the present case it is clear from the cross-examination of the officer, who did not make the report but had seen it, that the report contained two conclusions: (1) That plaintiff (appellant) was failing to give full time and attention and (2) that there was no improper driving on the part of defendant (appellee). It was prejudicial error to receive in evidence a report containing these conclusions.

Appellee argues that since appellant failed to object to the report being put in evidence, it is too late to raise the question on appeal. Generally this is true, but where appellant was not represented by counsel at trial we have the right to notice plain and prejudicial error even in the absence of objection. Appellee also argues that since the statute creating the Small

3. See also Clainos v. United States, 82 U. S.App.D.C. 278, 163 F.2d 593.

4. See Schering Corp. v. Marzall, D.C.D.C., 101 F.Supp. 571, 573, wherein Judge Holtzoff ruled that under the decisions in this jurisdiction "the Federal Shop Book rule is limited to routine, clerical entries made contemporaneously with the event by a person charged with the duty of maintaining the records. They do not extend to matters of opinion and similar matters."

Claims Court provides that the judge conducting that court "shall not be bound by the statutory provisions or rules of practice, procedure, pleading, or evidence, except such provisions relating to privileged communications",[5] the trial court had the discretion to admit the police report in evidence. But what we have here is not a mere failure to invoke a technical rule of evidence; it is a serious departure from established small claims procedure, in that appellant, who was without counsel, was not protected against evidence which was not only inadmissible, but highly prejudicial as well. The statute just quoted also provides: "The parties and witnesses shall be sworn." The admission of this report amounted to the admission of unsworn testimony.

Reversed with instructions to grant a new trial.

QUINN, Associate Judge (dissenting).

I agree that it would be error for the trial court to consider the conclusions set forth in the accident report, if it did, in fact, consider them. But it is my opinion that it was harmless error because based on the testimony of the appellant the trial judge had no alternative except to find negligence on his part.

The facts in this case are relatively simple. Appellant was driving south on 9th Street in the lane nearest the center line. As he approached O Street an officer directed all traffic traveling south on 9th Street to come to a halt. On appellant's right was a cab. The officer then signaled all traffic to turn right on O Street or to travel in a westerly direction. Appellant testified that he made a wide turn and that the cab collided with the right rear fender of his car. On cross-examination he stated that after he received the signal from the officer he did not look to his right at any time while making the turn. This was an emergency situation and, when the officer directed the appellant to travel west on O Street, appellant knew or should have known

that the car standing on his right would also have to make a turn, and therefore there was a duty and responsibility on him to at least glance in that direction to see what the other driver was doing. The court found that both drivers were negligent and entered a judgment for the defendant. Regardless of the police accident report, there was ample evidence to support the judgment, and I believe that the action of the trial court should be affirmed. As Mr. Justice Jackson recently stated in Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 375, 97 L.Ed. 447, "Reversals should not be based on trivial, theoretical and harmless rulings."