NOVAKOFSKI, Respondent, v. STATE FARM MUTUAL AUTO-
MOBILE INSURANCE COMPANY, Appellant.

*February 1—February 28, 1967.*

For the appellant there was a brief by *Henry P. Hughes* and *Thomas E. Hughes,* both of Oshkosh, and oral argument by *Henry P. Hughes.*

For the respondent there was a brief by *Adams & Woodrow* of Menasha, and *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, attorneys, and *Peter S. Nelson* of Appleton of counsel, and oral argument by *Mr. Nelson.*

CURRIE, C. J.    The facts of the instant accident are strikingly similar to those in *Wood v. Indemnity Ins.*

*Co.*[1] In that case we held that an unexplained departure of a motor vehicle from the traveled portion of the highway invokes the doctrine of *res ipsa loquitur* which permits the jury to infer negligence from the mere occurrence of the accident.

The same contention is advanced here that was advanced in *Wood,* viz., that the doctrine of *res ipsa loquitur* is rendered inapplicable by evidence that the accident was caused by a heart attack sustained by the driver. In *Wood* we quoted with approval from Prosser [2] that the mere introduction of inconclusive evidence suggesting another cause of the accident will not render the doctrine of *res ipsa loquitur* inapplicable so as to entitle the defendant to a directed verdict.

Essentially defendant's position on this appeal is that its moving papers establish *prima facie* that Mr. Novakofski's death was due to coronary thrombosis, which fact operates to rule out *res ipsa loquitur,* and that its *prima facie* showing has not been rebutted. Defendant grounds its claim of a *prima facie* establishment of coronary thrombosis as the cause of death upon (1) the death certificate; (2) the police report; and (3) a statement by plaintiff in her adverse examination.

Sec. 889.18 (formerly sec. 327.18), Stats., provides in part as follows:

"**Official records. (1)** As EVIDENCE. Every official record, report or certificate made by any public officer, pursuant to law, is evidence of the facts which are therein stated and which are required or permitted to be by such officer recorded, reported or certified, except . . . .

"**(2)** COPIES AS EVIDENCE. A certified copy of any written or printed matter preserved pursuant to law in

---

[1] (1956), 273 Wis. 93, 76 N. W. (2d) 610. See also *Dewing v. Cooper* (1967), 33 Wis. (2d) 260, 147 N. W. (2d) 261.

[2] Prosser, Law of Torts (2d ed.), p. 216, sec. 43, footnote 20.

any public office or with any public officer in this state, or of the United States, is admissible in evidence whenever and wherever the original is admissible, and with like effect."

Both the death certificate and the police report qualify as an official record under the aforequoted statute. The death certificate lists "coronary thrombosis" as the cause of death while the police report states under the heading "Nature of Injuries" with respect to Mr. Novakofski "apparently died of a heart attack before collision. Dr. Forkin d.o.a." The letters "d.o.a." apparently stand for "dead on arrival."

The death certificate is signed by a lay coroner, not a physician. The statement therein that death was due to "coronary thrombosis" is thus a medical conclusion drawn by a lay coroner. If the coroner were subpoenaed to testify as to the cause of death such a conclusion on his part would be inadmissible.[3] Therefore, his statement in the death certificate is not admissible to establish the cause of Mr. Novakofski's death. As this court stated in *Smith v. Rural Mut. Ins. Co.:* [4]

"We have held that conclusions stated in official records are not admissible under this section [327.18 (1)]. *Estate of Eannelli* (1955), 269 Wis. 192, 212, 68 N. W. (2d) 791; *Jacobson v. Bryan* (1944), 244 Wis. 359, 368, 12 N. W. (2d) 789.

"If an official cannot testify upon the witness stand to the facts contained in the report, the statute does not apply and the report is inadmissible."

Furthermore, even if it were held that the death certificate established *prima facie* the cause of death as cor-

---

[3] The law does, however, permit limited testimony of a medical nature by one not licensed as a medical doctor, if he is, in fact qualified as an expert. *Casimere v. Herman* (1965), 28 Wis. (2d) 437, 442, 137 N. W. (2d) 73.

[4] (1963), 20 Wis. (2d) 592, 600, 123 N. W. (2d) 496.

onary thrombosis, it is completely destroyed by Dr. Danford's affidavit that it is impossible for a layman to diagnose the cause of death as being due to coronary thrombosis. In *Lubner v. Peerless Ins. Co.,*[5] where competent medical evidence established that it was impossible to determine by the procedure followed by a lay coroner that drowning was the cause of death, the coroner's statement as to the cause of death contained in a death certificate was held incompetent.

With respect to the police report we have a medical conclusion by lay police officers. Such a conclusion is inadmissible because the police officers could not testify to the conclusion if called as witnesses.[6] Furthermore, the statement with respect to the cause of death appears to be grounded on information supplied by a Dr. Forkin who is neither identified in the police report nor in any other portion of the record. The statement clearly constitutes hearsay evidence.

Lastly, there is the following reference to the cause of death contained in Mrs. Novakofski's adverse examination:

"*Q.* Did you talk to a doctor who had examined the body after it came to the hospital? *A.* Well, after I was—from my 'constant care' he took me up, Doctor Hildebrand—Bill Hildebrand—he talked to me. He said, 'Mary, do you know what Max really died of?' He said that he had a heart attack!"

What Dr. Hildebrand told Mrs. Novakofski is hearsay and would be inadmissible at trial as probative evidence on the issue of the cause of death.[7] In *Thompson v.*

---

[5] (1963), 19 Wis. (2d) 364, 372, 120 N. W. (2d) 54.

[6] *Smith v. Rural Mut. Ins. Co., supra,* footnote 4.

[7] This does not mean that the quoted answer of Mrs. Novakofski may not be utilized by defendant's counsel at trial in cross-examination of Mrs. Novakofski on some issue other than cause of death.

*Dairyland Mut. Ins. Co.*[8] hearsay evidence contained in a deposition was held inadmissible where it was offered in an attempt to raise a factual issue to preclude summary judgment.

The foregoing analysis of the evidence relied upon by defendant demonstrates that defendant has failed to establish *prima facie* that the cause of Mr. Novakofski's death was coronary thrombosis. Therefore, the trial court properly denied its motion for summary judgment.

*By the Court.*—Order affirmed.

---

[8] (1966), 30 Wis. (2d) 187, 190, 140 N. W. (2d) 200.