Argued May 9, reversed and remanded June 27, 1962

# PARKS *v.* EDWARD HINES LUMBER CO. ET AL
### 372 P. 2d 978

*Richard E. Kriesien,* Portland, argued the cause for appellant Edward Hines Lumber Co. On the briefs were Meindl, Mize & Kriesien, Portland.

*James H. Clarke,* Portland, argued the cause for appellant Southern Pacific Company. With him on the briefs were Herbert H. Anderson and Koerner, Young, McColloch & Dezendorf, Portland.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the briefs was E. B. Sahlstrom, Eugene.

Before McAllister, Chief Justice, and Rossman, O'Connell and Goodwin, Justices.

GOODWIN, J.

 This is an action for damages for injuries sustained by a workman when a lift truck upon which he was riding collided with a railroad car being switched upon the premises of his employer. He recovered a judgment against both his employer, Edward Hines Lumber Co., and the Southern Pacific Company. Both

corporate defendants appeal. (Certain railroad employes named in the complaint as defendants were exonerated by the verdict of the jury.)① The parties here will be referred to as plaintiff, Hines, and Southern Pacific.

Plaintiff and a fellow millwright were engaged in moving a piece of structural steel by means of a lift truck from one part of a Hines industrial site to another. Plaintiff was helping to steady the load, and his fellow workman was driving. A Southern Pacific crew at the same time was switching four empty flat cars on a track which served the Hines plant. The switching operation was accomplished by means of a procedure described by witnesses as a "flying switch". Thus, at the time of the collision the cars were not connected to a source of power and could not be controlled by any member of the train crew except a brakeman who had at his command only a hand-operated device of limited braking power. The switching operation was virtually a daily occurrence. The private road where the lift truck crossed the track was known by the railroad crewmen to be a route commonly traversed by Hines workmen. The switching activity was equally familiar to the Hines workmen. Visibility was good. The view from the lift truck to the crossing was unobstructed. The lift truck was moving about 5 miles per hour and the cars were moving at not more

---

① It is not uncommon to find individual Oregon citizens named as defendants in actions in the state courts against foreign citizens who could otherwise remove the case to a federal court. The fact that no negligence appears to have been proven on the part of the named individuals does not necessarily mean that no negligence was proven against the corporate defendant. There were allegations of defective equipment, lack of appropriate warning devices, and the like, which might, if proven, justify a finding of negligence against the railroad even though the named members of the train crew were free from fault.

than 12 miles per hour. The lift truck could have been stopped in a space of ten feet. There was no flagman or other warning device at the crossing, and the flat-cars carried no audible warning device. There was evidence from which the jury could have found that any noise made by the rolling cars would have been canceled out by the noises incident to the operation of the Hines plant. The jury could have found, also, that if the driver of the lift truck had been maintaining a lookout he would have seen the flat cars in time to avoid the collision. There was, further, a jury question concerning the lookout, if any, required of the plaintiff himself. As he was occupied by other duties at the time of the collision, he may have had some right to assume that the driver would provide the necessary lookout. However, contributory negligence was properly submitted to the jury and need not be considered further in this appeal.

With the foregoing condensed statement of facts, we turn to the issues.

■■ Hines challenges an instruction by means of which the trial court took from the jury the question of the applicability of the Employers' Liability Act (ORS 654.305 to 654.335) and told the jury that Hines was subject as a matter of law to the standards of care imposed by that statute. In this respect the trial court erred. Whether the particular work in which the plaintiff was engaged at the time of his injury involved risk or danger ordinarily is a jury question. *Bartley v. Doherty*, 225 Or 15, 24, 351 P2d 71, 357 P2d 521 (1960). Only where reasonable minds could not disagree would a court be justified in taking the question from the jury. *Bartley v. Doherty*, supra. The case at bar presented a jury question on the issue of the risk involved in moving the steel beam.

■ In view of the necessity of another trial, we note that certain allegations of the complaint concerning violations by Hines of the Basic Safety Code of the State of Oregon (effective 1949, reprinted 1959) were not supported by evidence and should have been withdrawn from the consideration of the jury.

■ The appeal of the defendant Southern Pacific assigns as error each of the rulings we have noticed in connection with the appeal of Hines. In addition thereto, the receipt in evidence of certain exhibits is challenged by Southern Pacific. One document was an intracompany (Hines) accident report; the other was a warning notice to the driver of the lift truck, advising him, among other things, that the accident in this case was his ninth involving medical treatment. Both documents contained matters which were irrelevant as to the railroad. Both exhibits also contained hearsay which could not be brought within an exception to the exclusionary rule as against the Southern Pacific. See *Snyder v. Portland Traction Company,* 182 Or 344, 351, 185 P2d 563 (1947). (Even if the exhibits could have been used against Hines, under an exception to the hearsay rule, it was error to receive them for indiscriminate use against Southern Pacific.)

In addition to the errors noted, the error in submitting the case against Southern Pacific on the plaintiff's theory that the Employers' Liability Act applied to the relationship between the plaintiff and the railroad as a matter of law was compounded by permitting the Employers' Liability Act to be applied to the Southern Pacific at all.

■ On the record of this case, the only questions which the jury could have decided against the railroad involved the propriety of making flying switches

through an area frequented by Hines workmen and the duty to make reasonable provision for warning those workmen likely to be affected thereby. Any case the plaintiff may have against the railroad is, as demonstrated by his complaint, a common-law negligence case. The fact that the collision occurred on private property instead of upon a public highway does not bring the action under ORS 654.305 to 654.335.

In *Thomas v. Foglio,* 225 Or 540, 358 P2d 1066 (1961), a divided court held that a jury could find that a person not employing workmen was subject to the Employers' Liability Act if he had charge of, or was responsible for, equipment in the use of which the workmen of another employer were so intimately concerned as to be subjected to risk. The case involved an employment of the defendant's defective equipment in the plaintiff's work. Nothing in that decision requires us to hold that the railroad, in merely delivering cars to a shipper, assumes the statutory burdens of an employer with respect to all the workmen of the shipper.[2] The record before us reveals no relationship between the plaintiff and any railroad workmen, nor between the plaintiff and the railroad cars as equipment brought to his work. Except for the fact that the Hines workmen were on their employer's property

---

[2] A specially concurring opinion in Browning v. Terminal Ice Co., 227 Or 36, 43, 44, 360 P2d 630, summarizes *Thomas v. Foglio* as holding that "a third party defendant may be liable [under ORS 654.305] where his participation in the work causing the injury consists only in bringing to the work project a dangerous instrumentality which exposes the plaintiff workman to danger * * *." The dangerous equipment in *Thomas v. Foglio* was related to the work in which the workman was engaged when he suffered the injury. There is no policy expressed in ORS 654.305 to justify extending the rule of *Thomas v. Foglio* to equipment in general which may come upon the *situs* of work through the instrumentality of some stranger to the work being done.

and the flat cars were going to their employer's place of business, there is nothing to distinguish this case from a highway-crossing case where a Hines driver might run into a train and injure a fellow workman. None of the cases cited by the plaintiff suggests that the Legislature intended to bring such grade-crossing cases against railroads under the Employers' Liability Act.

While there was sufficient evidence to make a jury question concerning the applicability of the Employers' Liability Act as against the defendant Hines, there was neither a pleading foundation nor evidence to make out such a question as against the defendant Southern Pacific.

Other errors are assigned in the several appeals, but none appears to be of a character that will cause it to occur again if the case is properly tried.

Reversed and remanded.