Argued September 11, affirmed September 25, 1963

# MEMMOTT *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

385 P. 2d 188

*W. A. Franklin,* Portland, argued the cause for appellant. On the brief were Anderson, Franklin, Jones, Olsen & Bennett, Portland.

*T. Walter Gillard,* Assistant Attorney General, Portland, argued the cause for respondent State Industrial Accident Commission. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem, and George S. Woodworth, Assistant Attorney General, Portland.

No appearance for respondents Kronberg.

Before McAllister, Chief Justice, and O'Connell, Goodwin, Denecke and Lusk, Justices.

GOODWIN, J.

This is an action by an injured employe seeking coverage under the Workmen's Compensation Law (ORS 656.002 to 656.590).

His employer had neither applied for nor rejected coverage, but this fact would not affect the right of the workman to recover if the employer should be found to have been engaged in a hazardous occupation. ORS 656.026. The jury found for the plaintiff but the trial court entered judgment n.o.v. for the State Industrial Accident Commission. The plaintiff appeals.

The essential facts are as follows:

Plaintiff was hired by one Kronberg as a handy man and caretaker for a motel. His duties also required him to act as the rental agent for the owners. Plaintiff received credit on his own rent by way of payment for his services. While plaintiff was so employed, he undertook to tear down an old building on the Kronberg property for the lumber in the building. While tearing down the building, the plaintiff lost an eye.

On the foregoing facts, and with proper instruc-

tions concerning the engagement of the plaintiff to work, the compensation he was to be paid therefor, and the exercise of control over the work by the employer, the jury found that the plaintiff was a "workman" within the meaning of ORS 656.002 (16). While the evidence concerning the degree of control exercised by Kronberg over the plaintiff's demolition work was extremely thin, we cannot say, in the words of the Constitution of Oregon, Art. VII (Amended), § 3, that there was "no evidence to support the verdict." Accordingly, we will proceed on the assumption that the plaintiff was a workman under ORS 656.002 (16). It follows, then, that he is entitled to the benefits of Workmen's Compensation if his employer was engaged in a hazardous occupation.

The operation of a motel is not one of the hazardous occupations enumerated in ORS 656.084 or 656.086. The demolition of buildings is a hazardous occupation, made expressly so by ORS 656.084 (5). In the case at bar, we have an employer whose business is nonhazardous, but who temporarily has employed a workman to engage in an activity that is hazardous. The question, then, is whether the statute was intended to grant the injured workman relief in this kind of situation. The essential issue is whether the work being done when plaintiff was injured changed the employer's occupation from nonhazardous to hazardous.

In *Manning v. S.I.A.C.*, 234 Or 207, 380 P2d 989 (1963), we held that a workman employed by a landscape gardening firm (a nonhazardous enterprise) did not become a workman employed in the hazardous occupation of land clearing when he undertook to remove a stump. He cut off his fingers while chopping roots. Removing a stump was incidental to his employer's occupation, but was not an activity that re-

curred with sufficient frequency to change the basic character of the enterprise from a nonhazardous to a hazardous one.

Again, in *Bennett v. State Ind. Acc. Com.*, 203 Or 275, 279 P2d 655, 279 P2d 886 (1955), this court held that a handy man employed about a private home was not a workman in either of the hazardous occupations of building construction or building repair when he fell from a ladder while repairing roof gutters, even though a workman performing a like task for an employer engaged in the business of repairing gutters would be employed in a hazardous occupation under ORS 656.084 (5).

In the *Bennett* case, the court had to decide whether "occupation" as used in ORS 656.082[1] means the employer's trade or business, or whether "occupation" means the activity in which the workman was engaged at the time he was injured. Following the rule that words should be given their usual and ordinary meaning, this court adopted the construction of ORS 656.082 contended for by the State Industrial Accident Commission, i.e., that it is the trade or business of the employer and not the specific task being accomplished by the workman at the time of his injury[2] that must

---

[1] "If an employer is engaged in any of the occupations defined by ORS 656.084 or 656.086 as hazardous, the workmen employed by him in such occupations are deemed to be employed in a hazardous occupation but not otherwise."

[2] Under the Oregon Employers' Liability Law (ORS 654.305 to 654.335), the so-called "and generally" clause (ORS 654.305) provides that "* * * all * * * persons having charge of, or responsible for, any work involving a risk or danger to the employes or the public, shall * * * [have certain duties]." This section has been construed to mean that it is the work that is being done at the time of the injury, and not the employer's usual trade or business, which controls. See, e.g., Parks v. Edward Hines Lbr. Co. et al., 231 Or 334, 372 P2d 978 (1962); Bartley v.

control. The only occupation in which the plaintiff's employers were engaged was that of operating a motel. They were in no sense engaged in the demolition of buildings as a business, nor were they engaged in such an activity often enough to justify characterizing the activity as an "occupation" as that word is commonly understood.

The plaintiff in the case at bar suggests that the force of the *Manning* and *Bennett* cases has been weakened by *Oregon Farm Bureau v. Thompson,* 235 Or 162, 378 P2d 563, 384 P2d 182 (1963). The *Thompson* case is distinguishable, however, for there the injured workman was employed a substantial part of his time as a logger, and the remainder of his time as a farm hand. The line of demarcation between his two employments was recognized by himself and by his employer and he was paid accordingly. Further, in the *Thompson* case, the employer's occupation was given, for income-tax and other purposes, as that of a logger. In the case at bar, there is no evidence that the employer engaged in business other than the motel business. There was also no evidence that the employer asked or permitted the plaintiff to do other hazardous work than that which was involved in the one episode in which the injuries were sustained. The demolition of the building was a single incident in the operation of the motel business, and did not change its character.

Doherty, 225 Or 15, 351 P2d 71, 357 P2d 521 (1960). Since the Legislative Assembly has seen fit to use a work-being-done-at-the-time orientation in one statutory scheme and an employer's-occupation orientation in another statutory scheme, this court has not considered it permissible to construe the two statutes as if they disclosed identical legislative intent.

■ Under ORS 656.082 as construed in *Bennett v. State Ind. Acc. Com.,* supra, we must conclude that the employer was not engaged in a hazardous occupation within the meaning of relevant statutes, and therefore was not subject to automatic coverage under ORS 656.026. It follows that there was no error in entering the judgment n.o.v. for the commission.

Affirmed.