Argued May 5, affirmed September 23, 1964

# RICHARDSON *v.* HARRIS

395 P. 2d 435

*Harold A. Fabre,* Pendleton, argued the cause for appellant. On the brief were Fabre & Collins, Pendleton.

*Thomas A. Mosgrove,* Pendleton, argued the cause for respondent. On the brief were Cunha & Mosgrove and Robert E. O'Rourke, Pendleton.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

## GOODWIN, J.

This is an action for damages for personal injuries sustained by a farm worker in the course of his em-

ployment. The defendant employer appeals from a judgment entered after a verdict for the plaintiff.

The plaintiff was injured while climbing a perpendicular ladder. He struck his knee on a steel rung. The ladder was 36 feet high, and was attached to the inside wall of a shaft in a grain elevator on defendant's ranch. The ladder was bolted to the wall in such a way that the rungs stood out from the wall a distance of approximately four inches. A conveyor, which lifted grain from the bottom to the top of the building, was enclosed in a "leg" which was parallel with the ladder. A person climbing the ladder would have his back to the leg. The space between the leg and the ladder was approximately 24 inches. At three different places along the leg, wooden braces protruded into the space occupied by the ladder and restricted the clearance to approximately 17 inches. While the plaintiff was hurrying up the ladder to move a grain spout, he hit one of the wooden braces with his back. He testified that this caused him to bump his knee. Substantial injuries resulted.

Plaintiff alleged that the defendant violated ORS 654.305, by failing to provide sufficient room to allow safe passage on the ladder.

Defendant contends that the Oregon Employers' Liability Law is not applicable because the work which the plaintiff was doing at the time of the injury did not involve "risk or danger" as that phrase is used in ORS 654.305.

██ Work involving "risk or danger" has been interpreted as work which is "inherently dangerous" or employment which presents "dangers which are uncommon." *Barker v. Portland Traction Co.*, 180 Or 586, 602, 604, 173 P2d 288, 178 P2d 706 (1947). Where

reasonable minds can differ, it is a jury question whether or not any particular work involves "risk or danger." *Parks v. Edward Hines Lumber Co. et al*, 231 Or 334, 337, 372 P2d 978 (1962).

■ In *Short v. Federated Livestock Corp.*, 235 Or 81, 383 P2d 1016 (1963), we held that the feeding of swine was not, as a matter of law, work involving risk or danger within the protection of ORS ch 654. However, we found that the defendant had a common-law duty to provide the workman a safe place in which to work. The defendant contends that our decision in *Short v. Federated Livestock Corp.* compels the conclusion that climbing the ladder in the instant case did not involve risk or danger.

In the *Short* case the work to be done was simply the pouring of grain into a hog trough. We held that there could be no difference of opinion. The work was not inherently dangerous. In the case at bar, reasonable minds could well differ with respect to the dangers inherent in the use of the ladder. In such a case, the question of risk or danger is for the jury.

Although falling, which is the obvious hazard associated with ladders, did not cause the injury complained of in this case, a jury could have found that the risk of falling, combined with the manner in which the ladder was attached to the wall and the structures projecting into the climbing space, created a dangerous condition. The plaintiff's duties also made it necessary for him to climb in a hurry. On the basis of these facts, a jury could have found that the work the plaintiff was doing at the time he was injured involved risk or danger within the meaning of ORS 654.305. Consequently, there was no error in submitting the case to the jury on the theory that the Employers' Liability Law might apply.

■ Defendant further contends that the trial court erred in not removing from the jury the plaintiff's specifications of negligence based upon certain violations of the Basic Safety Code. The Industrial Accident Commission is authorized to establish safety rules. When established, these rules become standards of care between employe and employer. Safety rules for the construction, use, and maintenance of ladders and scaffolds have been established. The Safety Code provides that there shall be at least 30 inches of clearance between the climbing side of a fixed ladder and any permanent object that might interfere with a workman using the ladder. It also provides that the distance from the ladder to the surface on which it is fastened shall be at least 6½ inches. In the case at bar, the clearances in both resepects were less than those prescribed by the Safety Code.

■ Falling is the primary hazard which the safety regulations seek to minimize. However, certain regulations are designed to protect against injuries not caused by falling. For example, section 2.63 is concerned with electrocution. It prohibits the use in electrical work of wooden ladders with vertical metal reinforcings. Section 2.36 provides that ladders shall be free of splinters, burrs, or other sharp projections likely to cause injury. These sections indicate that the safety regulations were intended to protect users of ladders against a variety of hazards. Consequently, the Basic Safety Code regulations establish a standard of care with reference to sufficient clearance. A breach of the standard of care would be negligence.

■ There still remains the question whether negligence on the part of the employer was a cause of this plaintiff's injury. The plaintiff testified: "* * * So

I was hurrying up the ladder and I come up and one of the 2 x 4s that brace the leg [conveyor], as I was coming up my knee—then I hit it just below my belt with my back and that naturally threw my knee right into the rung of the ladder." The jury could have found that the failure to have thirty inches of clearance was one cause of the plaintiff's injury. The failure to provide 6½ inches of clearance between the ladder and the wall to which it was fastened is, perhaps, more difficult to assign as a cause of plaintiff's injury. A jury could infer, however, that the plaintiff could have kept his back closer to the ladder if he could have placed his feet more securely on the rungs. If plaintiff's body had been closer to the ladder, his back might not have struck the cross-brace. The causal relationship between the lack of foot-room and the injury was, therefore, a jury question.

■ In his motion for a directed verdict, the defendant argued that the evidence showed the plaintiff to have been guilty of contributory negligence as a matter of law. The same point is urged on appeal. We believe that the evidence which tended to show contributory negligence presented a jury question. The matter was properly submitted with instructions that fully protected the rights of the defendant.

■ The defendant assigns as error the trial court's withdrawal of the affirmative defense of assumption of the risk. The complaint alleged that the defendant employer created a dangerous condition. The answer affirmatively alleged both contributory negligence and assumption of the risk. This is the form of pleading used in *Ritter v. Beals et al*, 225 Or 504, 517-521, 358 P2d 1080 (1961). We held there that in a master-servant case the defense of assumption of

the risk was not available. Such a defense is redundant when the allegation merely repeats the substance of an allegation that the plaintiff was contributorily negligent in knowingly placing himself in a position of danger. A workman does not assume the risk of harms caused by his employer's negligence. If there was no negligence on the part of the employer, there was no breach of any duty owed the workman. In such a case, there is obviously no occasion to discuss assumption of the risk. *Ritter v. Beals et al,* supra, was followed in *Short v. Federated Livestock Corp.,* supra. The trial court properly withdrew the defense of assumption of the risk.

Affirmed.

DENECKE, J., dissenting.

I cannot agree with the majority's decision that it is a question of fact whether or not the work plaintiff was doing involved "risk or danger" within the purview of the Employers' Liability Act.

The defect in the construction of the ladder created a risk of *falling* which is an uncommon risk not present in most other types of work and, therefore, would have brought defendant within the meaning of ORS 654.305 if the injury in this case had resulted in falling from the ladder.

The defect in the construction of the ladder also created the risk of bumping one's leg in climbing the ladder. But this latter risk is not of a character which would subject the employee to an uncommon danger within the meaning of the Employers' Liability Law. And this is so even though, as the majority suggests, the risk of falling increases the risk of bumping one's knees.

Because performance of a particular job involves

a likelihood of frequent bodily contact does not necessarily mean that the work involves risk or danger. In order for work to involve risk or danger there must be an uncommon risk of substantial injury, not merely of bodily contact.

*Short v. Federated Livestock Corp.,* 235 Or 81, 383 P2d 1016 (1963), involved the same distinction. The plaintiff was required to go into the hog pens to feed brood sows weighing between 400 and 600 pounds. The hogs were ravenously hungry and customarily crowded around, bumped into and chased plaintiff. Witnesses testified that it is dangerous for a feeder to enter a pen with brood sows. This contact had never injured plaintiff before; just as the plaintiff here had never been injured before by the bumps he had incurred using the ladder. In the *Short* case the plaintiff's knee was injured by a push or bump from one of the sows. We held, as a matter of law, that such work did not involve risk or danger.

O'CONNELL, J., joins in this dissent.