Argued March 4, affirmed May 12, 1965

# RICHERT *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

401 P. 2d 701

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Levin & Wilson and Donald R. Wilson, Portland.

*Noreen A. Saltveit,* Assistant Attorney General, Portland, argued the cause for respondent. With her on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

Plaintiff workwoman correctly states: "The issue presented by this case is whether the operation of an apartment house building, including its maintenance and repair, is a 'hazardous occupation.'" The trial court held it was not and plaintiff appeals.

■ It is the occupation of the employer, not the employee, that is determinative. *Butler v. State Ind. Acc. Com.,* 212 Or 330, 334, 318 P2d 303 (1958). The Workmen's Compensation Act specifies which occupations are hazardous. ORS 656.084. The occupation of operating an apartment house is not specified by the statute as hazardous. The operation of window cleaning and repairing or painting of buildings is specified as hazardous. The employer's two male employees did some minor repair and painting; plaintiff, a janitoress, did cleaning work, including window cleaning.

■■ *Memmott v. SIAC,* 235 Or 360, 361, 385 P2d 188 (1963), is controlling and requires an affirmance of the trial court. In that case, "[p]laintiff was hired by one Kronberg as a handyman and caretaker for a motel. His duties also required him to act as the rental agent for the owners." The opinion in that case does not state, but the record shows, that plaintiff made

plumbing repairs and did painting. The operation of the motel was a smaller operation than operating the apartment house in this case, but the work performed in that case and in this is identical except in *Memmott* there was no testimony of window cleaning. In *Memmott* plaintiff sought coverage under the Act by evidence that at the time he was hurt he was demolishing a building on the premises and building demolition is specified in the Act as hazardous. This contention was rejected because the employer was not engaged in this activity often enough to characterize it as an "occupation." We held, "the employer was not engaged in a hazardous occupation." (235 Or at 365) We adhere to that decision that the operation of a motel or an apartment house is not a hazardous occupation.

*McLean v. State Ind. Acc. Comm.*, 189 Or 405, 422, 221 P2d 566 (1950), is not determinative as we there held, "the military department at Camp Adair was engaged in one occupation * * *. It was engaged in maintenance and repair of buildings."

Judgment affirmed.