McWILLIAMS v. LEWIS (two cases).

Nos. 7776, 7777.

United States Court of Appeals for the District of Columbia.

Argued Nov. 5, 1941.

Decided Dec. 29, 1941.

Mr. Norman B. Frost, of Washington, D. C., with whom Messrs. Frank H. Myers and Frederic N. Towers, both of Washington, D. C., were on the brief, for appellant.

Mr. David G. Bress, of Washington, D. C., with whom Mr. Alvin L. Newmyer, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a judgment for the plaintiffs, appellees, in a suit for personal injuries. A car which appellant was

driving collided, at the corner of 15th and I Streets, N.W., with one which appellee Alice H. Lewis was driving and in which her husband, appellee Fulton Lewis, Jr., was a passenger. Appellant was going north, appellees east. The testimony, most of which we need not recite, presented typical jury questions of negligence and contributory negligence.

■■ Appellant complains of the admission in evidence of official reports made by police officer Richardson, who investigated the accident shortly after it occurred. He made out the reports, in his own handwriting, the same night. They located the point of impact, and also showed that, in approaching it, appellant's car left skidmarks some 15 feet long but appellee's car left none. Richardson was a witness at the trial. He testified that he located the point of impact by marks which he found on the pavement, and that he saw skid-marks extending 15 feet south from that point. We find no basis for appellant's contention that Richardson did not personally measure the marks. Officer Goode testified that he saw officer Kuhns measure them, but no one testified that Richardson did not measure them. Without the aid of his reports, he was unable after six years to testify to the length, position, or point of intersection of the marks; but having refreshed his recollection, he testified from memory. He was, of course, entitled to refresh his memory by consulting his own records of his own observations. In my opinion the records themselves were rightly admitted, since they were within the express words of the Act of 1936 [1] which authorizes the admission of records made in the regular course of any business, profession, occupation, or calling. [2] The majority of the court express no opinion on that point. But we all agree that, in any event, the admission of the records was not prejudicial, since they added practically nothing to Richardson's testimony. [3]

Officer Goode testified, from his own recollection, to the general position of the marks on the pavement. He also testified that he estimated, from measurements made and communicated to him by officer Kuhns, that the northbound skid-mark was 15 feet long. Whether or not the admission of this testimony was technically erroneous, it was not prejudicial.

■ At the time of the accident Mrs. Lewis was pregnant. Some months later her child was born prematurely, and died. Her complaint herein claimed that the accident caused premature delivery, and her counsel, in his opening statement, proposed to show that it caused the child's death. After the trial had begun, a doctor stated out of court that the accident did not cause the child's premature birth and death. Later in the trial, Mrs. Lewis's counsel abandoned this claim, and the court instructed the jury that no such claim was in the case. Counsel's closing argument implied, perhaps inadvertently, that there was a connection between the accident and the death; and appellant now urges that counsel's repeated references to Mrs. Lewis's difficulties during pregnancy and to the child's death prejudiced the jury. Since this point was not raised during the trial, by a motion for the withdrawal of a juror or otherwise, it was in effect waived. [4]

■ Appellant urges that there was no sufficient evidence to show that any of Mrs. Lewis's injuries were permanent. Apart from some slight medical evidence of permanence, there was substantial evidence that at the time of the trial, six years after the accident, she was still suffering from its effects. A jury may infer permanence from such persistence. [5]

■ Appellant submitted to the court a proposed instruction to the jury which, after correctly stating that the burden of proving defendant's negligence rested on plaintiffs, went on to say that if the jury could not decide "whether plaintiffs' alleged damages resulted solely from the charged negligence of the defendant or from some act or acts of the plaintiffs themselves in the operation and control of their automobile, then the jury is not to guess between such causes and return a verdict for the plaintiffs, but if the jury so find, the

[1] 49 Stat. 1561, 28 U.S.C.A. § 695.

[2] Wigmore, Evidence, 3d ed., § 1530. Cf. Hunter v. Derby Foods, Inc., 2 Cir., 110 F.2d 970, 133 A.L.R. 255; Ulm v. Moore-McCormack Lines, 2 Cir., 115 F.2d 492, rehearing denied, 2 Cir., 117 F.2d 222, certiorari denied 313 U.S. 567, 61 S.Ct. 941, 85 L.Ed. 1525; contra, Johnson v. Lutz, 253 N.Y. 124, 170 N.E. 517.

[3] Cf. Smith v. Doyle, 69 App.D.C. 60, 98 F.2d 341.

[4] Cf. Simpson v. Stein, 52 App.D.C. 137, 284 F. 731. The point was first raised on a motion for a new trial, the granting of which was, of course, in the court's discretion.

[5] Alamo v. Del Rosario, 69 App.D.C. 47, 98 F.2d 328.

verdict of the jury must be for the defendant in each case." The court refused to give this instruction. Since the phrase "some act or acts of the plaintiffs" was not limited to negligent acts, a jury might well have understood the proposed instruction to mean that if any act of plaintiffs, however prudent, contributed to cause the accident, they could not recover. This, of course, is not the law. If damage did not result solely from defendant's negligence, but resulted partly from her negligence and partly from acts of plaintiffs, plaintiffs were nevertheless entitled to recover, unless their contributory acts were negligent. The trial court was therefore right in refusing the instruction; and it was under no "duty to supply correct instructions, the plaintiffs' requests being defective." [6] Appellant did not ask the court to charge separately that part of the instruction which was well drawn. Moreover, it is not disputed that appellant's counsel was permitted to explain, and did explain, to the jury what the plaintiffs' burden was. In these circumstances, we think we should not disturb the verdict.

Affirmed.

---

[6] Stewart et al. v. Capital Transit Co., 70 App.D.C. 346, 347, 108 F.2d 1, 3.