**A B C D CORPORATION, a corporation,**
**Appellant,**

v.

**Amy G. HENRY, Clinton M. Henry, and**
**Jack W. Henry, Appellees.**

**No. 1546.**

Municipal Court of Appeals for the
District of Columbia.

Argued. Oct. 11, 1954.

Decided Nov. 16, 1954.

Rehearing Denied Dec. 3, 1954.

H. Max Ammerman, Washington, D. C.,
with whom John P. Labofish, Washington,
D. C., was on the brief, for appellant.

Chas. Patton Henry, Washington, D. C.,
with whom Robert C. Handwerk, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This action was filed by the appellees for
expenses sustained by them in repairing a
party wall damaged as a result of the razing
and removal of two adjoining buildings.
Named as defendants were the owners of
the buildings removed and the wrecking
contractor. The complaint alleged negligence in the manner in which the work was
performed and stated that the party wall
was left structurally unsound. It also alleged a violation of Section 308 of the building code.[1] A jury returned a verdict
against the contractor and this appeal follows.

---

1. Section 308.—Protection and Restoration of Adjoining Property. Every portion of every structure in process of construction, alteration, repair, or removal, and all neighboring property and structures or any portion thereof affected by such process or by an excavation, shall be sufficiently supported and protected by the building owner during such process; and all necessary precautions for protec-

The record shows that Dr. Lewis Woolf was one of the owners of 1908 Eye Street, N. W., and that Albert Woolf was one of the owners of 1910 Eye Street. The adjoining property, 1912 Eye Street, was owned by the appellees. Albert Woolf entered into a contract with the appellant to dismantle and remove the buildings at 1908 and 1910 so that a parking lot could be constructed thereon. The contract provided in part, "we [appellant] do not include any repairs to party walls except damages caused by our own negligence." In its answer to the complaint, appellant denied the charge of negligence and further contended that Section 308 of the building code was not violated. Albert Woolf was not served with process and a nonsuit was entered as to him. Dr. Lewis Woolf admitted being one of the owners of 1908 Eye Street and denied all liability.

At the trial, there was testimony that in demolishing and razing 1910 Eye Street, the contractor had left numerous unfilled holes in the east side of the party wall shared with appellees' building. The wall was also left without sufficient stabilization and was "filtering out." To correct these conditions, it was necessary for the appellees to provide lateral support by means of numerous wall anchors, and also to fill in the exposed holes. In addition to this testimony, photographs of the wall were in evidence, which depicted the alleged damage to the wall and the repairs made by the appellees.

■■■ The principal points relied on by appellant are two. First, it says that it was error to admit in evidence Section 308 of the building code, as this section applies only to the building owner and his agent and imposes a duty only on the owner and his agent, and not upon an independent contractor such as appellant. However, the transcript reveals no objection made by the appellant when this section was offered in evidence. It was objected to only by Dr. Woolf, who is not a party to this appeal.

We have stated time and again that matters not objected to during the trial cannot be considered for the first time on appeal, and authorities need not be cited in support of this proposition. We think the regulation was applicable to Dr. Woolf, and if the court failed to instruct the jury that this section of the building code was admissible only as to Dr. Woolf at the time of its admission, this error was corrected when the court in its charge instructed the jury that the appellant was an independent contractor and that there was no legal duty resting on it but to raze the buildings using the skill and care used by wreckers generally in the District at the time the work was performed. The court also charged that there was no duty on a party using such care and skill to repair any damage unless caused by negligence, or any duty to improve the appearance of any adjoining building laid bare by the razing work. The court stated that unless the jury found that the appellant was negligent in razing the property and unless such negligence damaged the east wall they should return a verdict for the appellant. This instruction was granted, as amended, at the insistence of the appellant and correctly stated the law. Thus, it was for the jury to determine whether the damage complained of was the result of negligence on the part of the appellant in performing its work under the contract. The jury determined that question adversely to the appellant, and without a recital of the conflicts in the testimony offered by the various witnesses, we rule that the evidence was such as to authorize the jury to find that the appellant was negligent in performing its work.

Appellant's second contention is that the court erred in not directing a verdict in its favor at the close of the entire case. We think the trial court properly refused to take the case from the jury and rule for appellant as a matter of law. As we have stated there were conflicts in the testimony, but we think that the great weight of the

tion of life and limb shall be taken by said building owner and his agents, who shall restore the adjoining property and structures removed or damaged by him or them to as good condition as they were immediately prior to his or their operations.

evidence was with the appellee, and the jury so found by their verdict.

Negligence is ordinarily a factual question unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion. Upon the whole record, we can find no errors or prejudice to the appellant.

Affirmed.