Roy L. GREEN, Lillian E. Herek, and Nancy Herek, a minor, by and through her mother and next friend, Lillian E. Herek, Appellants,

v.

Clyde A. LAFOON, Appellee.

No. 2764.

Municipal Court of Appeals for the District of Columbia.

Argued June 5, 1961.

Decided Aug. 1, 1961.

Paul J. McGarvey, Washington, D. C., with whom J. Robert Carey, Washington, D. C., was on the brief, for appellants.

Francis L. Young, Jr., Washington, D. C., with whom Thomas S. Jackson, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

A jury awarded Nancy Herek $50, Lillian Herek $100, and Roy Green $1,200 for personal injuries sustained when appellee negligently collided with the automobile in which they were riding. They take exception to the court's charge to the jury on the measure of damages, contending that failure to instruct as to certain elements of future damages resulted in an inadequate recovery. Error is predicated upon the court's refusal to adopt appellants' requested instruction on the subject.

On this issue one instruction served all three plaintiffs. The court there told the jury:

"In considering damages, you will consider, in fixing the amount of your award, the reasonable value, not exceeding the cost to the plaintiff, of the examinations, attention and care by the physician reasonably required and actually given in the treatment of the plaintiff and, also, such sum as will reasonably compensate them for the pain, discomfort, and mental anguish suffered, or which they may suffer, * * *."

As far as we can determine, the only notable difference between this statement and the one offered by appellants concerns the latter's provision authorizing an allowance for such loss of future income and cost of further medical treatment as "they are reasonably likely to sustain hereafter * *." Having failed to provide an evidentiary basis that such anticipated "pecuniary losses" were more than mere possibility, and then only in the case of appellant Green, appellants' instruction was properly rejected.

Reviewing the claims of the other appellants, we believe the court's instruction on future pain and suffering was generous since there was no evidence whatsoever that they would suffer any future effects from the accident. Both of these parties consulted a physician after the accident. He suggested hot water baths for a sprained thumb which appellant Lillian Herek received, and prescribed certain medicine to alleviate the attendant mental distress. Her total medical expenses amounted to $85. While she complained of a "weak" wrist at trial, it does not appear that she was at all hampered in normal activity and movement for she obtained work as a waitress shortly after the accident and has since continued in such employment. Appellant Nancy Herek was also examined by the same physician who diagnosed her injury as hematoma of the right breast, for which she incurred medical expenses of $39. She specifically declared at trial that the injury had not interfered with her normal physical activity, although she was bothered by some pain for a period of two months.

■ Neither party has lost income or time from work on account of the accident, nor is there any prospect that they will do so. There was no evidence that they will require any further medical treatment, that they will be in any way permanently injured, or that they will incur any further pain and suffering. The jury was properly instructed to compensate for medical expenses and past pain and suffering. These instructions were as favorable as they were entitled to.

The same physician treated appellant Green once a week for four months and "periodically thereafter." Diagnosing appellant's back condition as an injury to the coccyx, the doctor told appellant to procure an orthopedic mattress and later, when the ailment failed to improve, he recommended a back brace. The doctor's prognosis, as recited in the statement of proceedings and evidence, was that "he would hesitate to say that any of Roy Green's injuries were permanent," but that he was of the opinion that appellant "will have symptoms for a long time to come." Green, a musician, testified that he had not missed any regular employment but that he had lost some part time jobs and could not play as well as formerly. He added the injury had not interfered with his everyday activity except that he had to discontinue fishing because he was tired and his back ached occasionally. His total medical expenses came to $269.

■ Regarding the claim for future "pecuniary losses" in Green's case, we find proof so deficient that it is impossible to say with any assurance that such damages are reasonably or probably certain to follow,[1] aside from the problem of computing or even approximating the value of such items. Green argues that the jury should have been allowed to infer permanent injuries from the fact that his symptoms had persisted for eighteen months.[2] This contention is without merit. Where ap-

---

[1] The degree of certainty required in determining future damages varies according to jurisdiction, but not even the minimal standard permits recovery for mere possibility. See generally, Annotation, 81 A.L.R. 423; 15 Am.Jur. Damages, § 24; 25 C.J.S. Damages, § 29; Oleck, Damages to Persons and Property § 94.

[2] See McWilliams v. Lewis, 1941, 75 U.S. App.D.C. 153, 125 F.2d 200; Alamo v. Del Rosario, 1938, 69 App.D.C. 47, 98 F.2d 328.

pellant's own physician would not draw such a conclusion, a jury without expert qualifications will not be permitted to speculate on such an eventuality. The doctor would say only that he believed the symptoms would continue for an indefinite time. This aspect of damages was satisfactorily covered by the court's instruction on future pain and suffering. There is nothing in the record to indicate that the symptoms will be so intense and frequent as to necessitate absence from work or require further medical treatment.

We hold there is no basis for disturbing the verdict of the jury.

Affirmed.