**AMERICAN MARIETTA CO., Inc.,**
a corporation, Appellant,

v.

**Joseph C. GRIFFIN and McCloskey & Co.,**
Appellees.

No. 3514.

District of Columbia Court of Appeals.

Argued July 20, 1964.

Decided Oct. 14, 1964.

Rehearing Denied Nov. 3, 1964.

John J. Mitchell, Washington, D. C., for appellant.

Louis Ginberg, Washington, D. C., with whom Samuel Levine, Washington, D. C., was on the brief, for appellee Joseph C. Griffin.

John F. Mahoney, Jr., Washington, D. C., with whom Charles E. Pledger, Jr., Wash-

ington, D. C., was on the brief, for appellee McCloskey & Co.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

While employed as a laborer by McCloskey & Co., general contractor on a construction site, Griffin sustained injuries in 1961 due to the alleged negligent operation of a crane leased from McCloskey & Co. and used in the installation of concrete treads and risers by American Marietta Co., Inc., a subcontractor on the job. He filed suit to recover damages. American Marietta denied all negligence and filed a third-party complaint against McCloskey & Co. seeking indemnification for all sums rendered against it in favor of Griffin. After trial by jury, a verdict was returned for $6,500 against American Marietta, and the trial court entered judgment for McCloskey & Co. in the third-party action. This appeal from both judgments followed.

Appellant urges that the trial court erred in refusing to grant its motions for a directed verdict at the conclusion of Griffin's case and again at the close of all the evidence. It contends that the evidence did not reveal any failure to act, or the commission of any negligent act on its part, or any causal relationship between Griffin's injuries and the accident.

Plaintiff's evidence, corroborated through the testimony of McCloskey's construction superintendent, established that Griffin was working in his proper place when the boom of the crane swung out of control and toward the area where he was standing. To avoid being struck, he jumped aside, tripped, and fell ten to twelve feet to the deck below, landing flat on his back.

It is a well-settled principle of law that unless the evidence is so clear and undisputed that reasonable men can draw only one conclusion, negligence and injury are factual questions to be resolved by the jury. In passing upon a defendant's motion for a directed verdict, the trial judge must construe the evidence most favorably to the plaintiff, who is entitled to full effect of every legitimate inference, although a mere scintilla of evidence is insufficient to justify denial of the motion.[1]

Applying this principle to the facts of this case, we find that Griffin established a prima facie case [2] and that the trial judge properly refused to take the case from the jury at the conclusion of plaintiff's evidence.

The record reveals conflict as to who retained control over the crane and its operator. McCloskey's witness stated that after the crane and operator had been leased to American Marietta, the latter had employed a signalman to direct the operator in the movements and course of the crane. About two weeks prior to the accident, he had received complaints that the operator was not cooperating with the American Marietta signalmen. Upon investigation, the witness found that the seeming lack of cooperation was due to the fact that two or three signalmen were attempting to direct the operation of the crane and the operator became confused as a result of conflicting signals. The problem appeared to be resolved by the subsequent employment of only one signal-

1. Tobin v. Pennsylvania R. Co., 69 App. D.C. 262, 100 F.2d 435 (1938), cert. denied, 306 U.S. 640, 59 S.Ct. 488, 83 L. Ed. 1040 (1939); Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944); Holmes v. Stahl, D.C. App., 190 A.2d 102 (1963) and cases cited in footnote 1 therein; A B C D Corp. v. Henry, D.C.Mun.App., 109 A.2d 133 (1954).

2. See Haw v. Liberty Mutual Ins. Co., 86 U.S.App.D.C. 86, 91, 180 F.2d 18, 23 (1950), where a bulldozer hit claimant's hand while trying to move a truck. The court applied by analogy cases involving the unintentional striking of parked vehicles, stating, "It has been held consistently that when a moving vehicle strikes a stationary object which is not out of its proper place, a prima facie case of negligence is established."

man, after which, according to the witness, there were no more complaints. Appellant's general superintendent testified, however, that two days before the accident he had asked that the crane operator be replaced because he was disobeying signals, but this request was denied by McCloskey.

Since the issue of control was clearly one of fact for the jury, the denial of appellant's motions for a directed verdict was correct, and the trial court's refusal to rule for appellant as a matter of law was proper.

Appellant also complains that the trial judge erred by including an instruction which would permit the jury, in assessing damages, to consider pain and suffering, medical expenses and loss of wages which might occur in the future. Appellant contends there was no medical testimony that Griffin had a permanent injury and that future losses resulting from permanent residuals were only a mere possibility.

■ Unless there is competent evidence affording assurance that such damages are reasonably or probably certain to follow, a jury should not be allowed to speculate on such an eventuality. Green v. Lafoon, D.C.Mun.App., 173 A.2d 212, 213 (1961). However, when the bad effects of an injury have continued for years, laymen may reasonably infer permanence, even though there is no expert prediction that these injury residuals will continue. Evidence of pain and suffering in existence at the time of trial has been held sufficient to take the question of permanence to the jury.[3] On the other hand, if respectable physicians testify without contradiction that an injury is temporary, reasonable laymen can hardly say it is permanent.

■ At trial Griffin related a history of pain and impairment of full use of his back, continuing to the time of trial, almost three years after the accident. His wife corroborated this and his physician testified he had admonished him to do only light work for an indefinite time. From evidence of such persistence and without medical testimony that the injury was temporary, a jury may infer permanence. The issues of permanence and future damages were submitted under proper instructions to the jury and did not prejudice appellant.

■ Finally, appellant charges that the trial judge erred in not finding in its favor on its third-party claim against McCloskey for indemnification. The only bases for indemnification here, in the absence of a contract, express or implied, would be the furnishing of either an incompetent operator or a defective crane. No evidence was offered and no oral argument was made that the accident was due to defective machinery. The competence and control of the operator were questions of fact, resolved against appellant by the jury verdict. When a jury performs its function under proper instructions, as it did in this case, its resolution of factual issues must stand.[4] We find no error in the denial of indemnification.

Affirmed.

3. McWilliams v. Lewis, 75 U.S.App.D.C. 153, 154, 125 F.2d 200 (1941); Alamo v. Del Rosario, 69 App.D.C. 47, 48, 98 F. 2d 328 (1938); Washington Utilities Company v. Wadley, 44 App.D.C. 176, 181 (1915).

4. V. E. M. Hotel Service, Inc., v. Uline, Inc., D.C.App., 190 A.2d 812, 813 (1963); Cope Ford, Inc. v. Lastfogel, D.C.Mun. App., 184 A.2d 206 (1962).