Lawrence Jerome HARRINGTON, a Minor, appearing by Claudia Shirley Harrington, his mother, custodian, and next friend, Plaintiff,

v.

Joseph ALSTON and William Henry Alston, Defendants.

Margaret NELSON, Plaintiff,

v.

Joseph ALSTON and William Henry Alston, Defendants.

Civ. A. Nos. 564–65, 563–65.

United States District Court
District of Columbia.

April 28, 1967.

David F. Smith, Washington, D. C., for plaintiff.

Brault & Graham, Washington, D. C., for defendant.

MEMORANDUM

YOUNGDAHL, Senior District Judge.

These consolidated personal injury actions were tried before a jury which awarded infant plaintiff Jerome Harrington $500 and plaintiff Margaret Nelson $1500. Now both plaintiffs move for a new trial as to damages only or, in the alternative, as to all issues in the case.

An accompanying request for an oral hearing is hereby denied.

It is undisputed from the evidence that plaintiffs were pedestrians walking

in a northerly direction across Florida Avenue at the intersection of Florida Avenue and M Street, Northeast, in the District of Columbia. They were struck by a vehicle owned by one defendant and operated by the other. There was a sharp dispute during the trial on both the issue of liability and the extent of injuries and damages claimed to have been sustained by plaintiffs. The liability issue was determined by the jury in plaintiffs' favor, but plaintiffs contend that the damages awarded by the jury are inadequate.

Infant plaintiff Harrington suffered a fracture of the left knee; plaintiff Nelson suffered a comminuted fracture of the left humerus just below the shoulder, contusions and sprain of the right hip and leg, contusions of the left hip and thigh, contusions of the left side of the face, and scratches above the nose.

Plaintiffs based their new trial demands on two grounds: (1) the Court erred in instructing the jury that there was insufficient evidence to support a finding of permanent injury to the infant plaintiff; and (2) the damages awarded each plaintiff were grossly inadequate.

Among other things, the jury was instructed that there was insufficient evidence of permanent injury to the infant plaintiff and that it should not consider that issue in its deliberations.

The claim of permanent injury was based on an alleged epiphyceal fracture of infant plaintiff's left knee, *i. e.*, a fracture involving the growth centers of the leg. The only testimony on this issue came from three expert medical witnesses—two called by plaintiff and one by defendant. It should be noted that the infant plaintiff never took the stand and that there was no testimony presented —either by his mother, his grandmother, or expert medical witnesses—that he had undergone any pain and suffering, that he was presently undergoing pain and suffering, or that he would in the future undergo such pain and suffering.

Plaintiff's two doctors testified that the fracture involved the epiphysis; defendants' doctor disputed this. Assuming *arguendo* that there was an epiphyceal fracture, this Court was required to determine whether the jury should be allowed to judge whether such an injury will lead to a permanent disability.

One of plaintiff's doctors testified that a small percentage of patients with epiphyceal fractures "develop some growth abnormalities. However, when last seen, which was two years following his initial injury, he had no significant growth abnormality, so it's difficult to state at this time whether he will get one."

On redirect examination, the same witness stated, "He has approximately six more years to grow and I just can't predict what will happen in those six years. There is a *possibility* that he could have some overgrowth but since he hadn't had it up until now it seems a good possibility he wouldn't have." (Emphasis added.)

Plaintiff's other witness, speaking in general terms, noted that an epiphyceal fracture *"could"* affect growth patterns. (*Emphasis added.*) This witness treated infant plaintiff only on his original visit to Casualty Hospital's emergency room immediately following the accident.

As indicated *supra*, defendants' medical witness testified that in his opinion the epiphysis was not involved and, in any event, was of the opinion that there would be no future growth problems and that infant plaintiff had completely recovered from the effects of the accident.

■ Culley v. Pennsylvania R. R. Co., 244 F.Supp. 710, 715 (D.Del.1965), accurately sets forth the rule as to the recovery of prospective damages for permanent injuries:

Recovery of damages based upon the future consequences of a tort may be had only if they "may certainly or reasonably and probably result therefrom as proximate consequences", but damages for future consequences which are speculative or conjectural

are not recoverable. [Citation omitted.]

District of Columbia cases dealing with the question of when the issue of permanency can go to the jury have been concerned with situations wherein plaintiffs have testified to continued pain and suffering several years after the accident in question. The Court of Appeals has taken a liberal stance on this topic. See, e. g., McWilliams v. Lewis, 75 U.S.App. D.C. 153, 125 F.2d 200 (1941); Alamo v. DelRosario, 69 App.D.C. 47, 98 F.2d 328 (1938); Washington Utilities Co. v. Wadley, 44 App.D.C. 176 (1915).

Two District of Columbia Municipal Court of Appeals actions in which plaintiffs testified to continued pain and suffering have particular pertinence to this discussion. In American Marietta Co. v. Griffin, App.D.C., 203 A.2d 710, 712 (1964), the court remarked, "Unless there is competent evidence affording assurance that such damages are reasonably or probably certain to follow, a jury should not be allowed to speculate on such an eventuality."

And, in Green v. Lafoon, D.C.Mun. App., 173 A.2d 212, 213 (1961), the court noted, "The degree of certainty required in determining future damages varies according to jurisdiction, but not even the minimal standard permits recovery for mere possibility."

Bearing in mind these and other pronouncements and the facts peculiar to this case, this Court holds, as a matter of law, that the plaintiffs' expert testimony in this case dealt only with the mere *possibility* that the infant plaintiff might be permanently injured; that a jury of laymen should not be allowed to speculate in an area where medical experts themselves can only speculate; and that since neither the infant plaintiff nor anyone else testified as to continued pain and suffering and since no expert witness could testify with reasonable certainty as to any future residual effect from the accident, the jury was properly instructed not to consider the matter of permanent injuries in regard to the infant plaintiff.

Plaintiffs' second contention is that the jury awarded grossly inadequate damages. Infant plaintiff Harrington claimed $373.50 in special damages; the jury awarded him $500. Plaintiff Nelson claimed $1041.05 in special damages; the jury awarded her $1500.

The Court of Appeals for the District of Columbia Circuit has evidenced extreme reluctance to tamper with jury damage awards. In Rankin v. Shayne Bros., 98 U.S.App.D.C. 214, 234 F.2d 35 (1956), a jury awarded an administratrix $123.90 for the wrongful death of an infant. Speaking for the Court, Judge Fahy commented: "The failure of the jury to award damages for the death of the infant other than $123.90, the amount of out-of-pocket expenses, creates considerable wonderment." Id. at 215, 234 F.2d at 36.

Yet the Court of Appeals refused to order a new trial.

In these circumstances, and notwithstanding there was evidence to support substantial damages, we are impelled to hold that the District Court did not abuse its discretion in refusing to grant a new trial on the ground of inadequacy of the award. Though properly instructed the jury appears to have been unable to find with sufficient certainty that substantial damages measurable in money grew out of the death of the infant. The District Court was not required upon the evidence adduced to insist upon a different result. This court, like courts generally, has been reluctant to set aside jury awards for personal injuries on the ground of either excessiveness or inadequacy, assuming constitutional power to do so. [Citations omitted.]

Id. at 216, 234 F.2d at 37.

In a case extremely similar to the instant one, plaintiff, a passenger in an automobile involved in a collision, claimed $3407.32 in medical expenses and $4500 additional in lost wages. "Although this testimony was uncontradicted, appellees did not concede either liability or the amount of damages." Bryant v. Mathis,

107 U.S.App.D.C. 339, 340, 278 F.2d 19, 20 (1960). A verdict of $4250 was returned. The trial judge's denial of a new trial was affirmed. "Courts are understandably reluctant to overturn jury verdicts on the grounds that they are inadequate or excessive." *Ibid.*

 The message of these and numerous other cases is clear: when there is any possible basis in the record for a particular jury verdict, the trial judge is acting within his discretion in denying a new trial motion. See Neese, Adm'r v. Southern Ry. Co., 350 U.S. 77, 76 S.Ct. 131, 100 L.Ed. 60 (1955); Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Such a rule maintains the traditional sanctity of the jury's role as the exclusive judges of the facts.

Since it is so evident in the instant case that there is basis in the record for the jury's verdict, it is unnecessary to detail possible motivations for the jury's action. Infant plaintiff was awarded $126.50 more than his special damages claim. In view of the fact that he did not take the stand and that there was no testimony concerning his pain and suffering, the jury's award is easily supportable.

Plaintiff Nelson was awarded $458.95 above her claimed special damages. Bearing in mind that there was substantial dispute at trial concerning the aftereffects of her injuries and her claim for lost wages, there is also ample basis for sustaining the jury's judgment as to her recovery.

It should be noted that the occasional impeachment of plaintiff Nelson and other plaintiffs' witnesses during trial could have caused the jury to doubt even the unchallenged testimony of these witnesses as to damages. Of particular significance in this regard was the claim that the infant plaintiff had missed some six months of school. The principal and a teacher of his school testified that he

had actually missed only five or six weeks and this testimony was not disputed thereafter.

There is no question in the mind of this Court that the jury's damages awards were proper and must be upheld.[1]

## ORDER

In view of the foregoing, both plaintiffs' motions for a new trial as to damages, or, in the alternative, as to all issues must be and hereby are denied.

Both plaintiffs' motions to allow taxable costs are hereby granted.

---

1. Interestingly, it appears that plaintiffs' counsel's assessment of his own case must have changed somewhat as far as damages are concerned since at the trial he waived his closing rebuttal after a particularly vigorous defense argument on the issue of damages.