Charles Henry HOLLINS and Ethelyn Diane Hollins, Appellants,

v.

Robert W. SNEED, Appellee.

No. 6575.

District of Columbia Court of Appeals.

Argued Nov. 21, 1972.

Decided Feb. 6, 1973.

Irving Dross, Hyattsville, Md., for appellants.

Edwin A. Sheridan, for appellee.

Before KELLY, KERN and HARRIS, Associate Judges.

KELLY, Associate Judge:

Appellant Charles Hollins and his wife [1] sued Robert Sneed, the appellee, for damages resulting from an automobile accident which occurred at · the intersection of North Capitol and H Streets in this city. At trial Hollins and an eyewitness testified that he, Hollins, proceeding west on H Street, paused in the center of the intersection at North Capitol Street to make a left turn and was struck by the Sneed vehicle which was proceeding south on North Capitol at a high rate of speed through a red light. Conversely, Sneed testified that he was heading east on H Street on a green light when the Hollins vehicle, traveling west on H, suddenly turned in front of him to go south on North Capitol without reducing its speed or showing a signal, making it impossible for him to avoid the collision. The testimony of the investigat-

ing officers tended to support Sneed's version of the accident.

■ With these divergent stories to resolve, the jury found both parties negligent, thus denying any recovery to Hollins and his wife. The one claim meriting discussion on appeal [2] is that it was error to admit the testimony of one investigating officer because (1) he was not identified in answers to interrogatories as a potential witness and (2) he was allowed to testify from a police report prepared by the other investigating officer.

Officers Aulfield and Dunmeyer of the Metropolitan Police Accident Investigation Unit responded to the scene of the accident, as did one Sergeant Harring. Officer Aulfield testified for the defense that he conducted the actual investigation of the accident, the results of which investigation were corroborated by the other two men, and that he established the approximate point of impact within the intersection by the existence of skid marks and debris. Officer Dunmeyer, next on the stand, testified that he assisted at the investigation of the accident, whereupon an objection to further testimony from this officer was interposed on the ground that he had not been identified in answers to interrogatories as a witness. The objection was overruled for the reason that no interrogatory directly asked for the names of the witnesses to be called at trial.[3] Further objection was made when Officer Dunmeyer was about to testify from a police report which he had not signed. On preliminary voir dire by counsel and the court Officer Dunmeyer said that both he and Officer Aulfield had helped make out the report; that he believed he had drawn the diagram of the accident on the report; that sometimes both investigating officers

1. Ethelyn Hollins claimed damages for loss of consortium.

2. The court's refusal to admit in evidence the traffic regulation on driving while drunk at most would constitute harmless error since, in any event, the jury found the defendant Sneed negligent. The claim

that the trial judge's comments upon the testimony were improper and prejudicial is without merit, as is the claim that the verdict of the jury is contrary to the evidence.

3. There had been no pretrial of the case.

signed a police report and sometimes not, and that he had examined and had concurred in the report at the time it was made. Officer Dunmeyer was allowed to continue his testimony, using the report as needed, and ultimately gave as his opinion, based on his observation at the scene of what he termed "fresh skid marks", that at the time of the accident Sneed had to be traveling east on H Street.

The fact that Officer Dunmeyer was a potential witness in the case was apparently unknown until shortly before trial when defense counsel learned of his existence from Officer Aulfield and promptly issued a subpoena for his appearance at trial. He was again subpoenaed for a continued trial date. Officer Dunmeyer appeared on the appointed day, a Friday, but the case did not get on for trial until the following Monday. It is, of course, conceivable that Officer Dunmeyer's identity was still unknown to appellant or his counsel at this juncture, but we think it highly unlikely that when the trial commenced Dunmeyer was not identified to the jury as a witness on voir dire and perhaps also in opening statement. Yet no objection to his testifying was voiced until after he had taken the stand. Considering all of the circumstances, we conclude that there was no abuse of discretion in allowing Dunmeyer to testify.[4]

Similarly, the fact that Officer Dunmeyer was allowed to use the police report in aid of his testimony did not constitute prejudicial error. It was conclusively established that he participated in the preparation of the report which reflected information gathered by both officers from questioning the parties and from observing the physical evidence at the scene. Such reports are routinely used in accident cases when police officers are required to recollect the details of one out of the many accidents which they have investigated over an extended period of time. Since Officer Aulfield had made use of the report freely, it is illogical, in our judgment, to deny its use to a fellow investigating officer merely because he did not sign it.[5] The testimony of both officers was in substantial agreement and again, as in the decision to allow Dunmeyer to testify, the possibility of prejudice is too remote to form the basis of error.

We recognize that the testimony in this case presents two diametrically opposed accounts of the accident. Nevertheless, we have here the type of factual dispute which is customarily resolved by a jury after all relevant evidence has been heard. And if, as appears true, this jury for the most part accepted appellee Sneed's version of the occurrence, it cannot be said that its verdict lacks substantial evidentiary support.[6] Accordingly, the judgment of the trial court is

Affirmed.

---

4. Appellant had asked in interrogatories to be provided with the names of individuals with knowledge of the events or who arrived on the scene shortly after the accident. Under Super.Ct.Civ.R. 26(e) which is identical to the corresponding Federal Rule of Civil Procedure, a party who has responded to a request for discovery with a response that was complete when made is under a duty to supplement his response to include information thereafter acquired "(1) . . . with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters . . . ." A court has inherent power to apply sanctions for a breach of this duty, including the power to exclude evidence, but "[t]he court necessarily has wide discretion in these matters, and is not required to apply sanctions in every instance. 8 Wright & Miller, Federal Practice & Procedure § 2050, at 326 (1970).

5. *See generally* McWilliams v. Lewis, 75 U.S.App.D.C. 153, 125 F.2d 200 (1941).

6. Gardner v. Capital Transit Co., 80 U.S. App.D.C. 297, 152 F.2d 288 (1945), cert. denied, 327 U.S. 795, 66 S.Ct. 824, 90 L.Ed. 1021 (1946).