**FREEDMEN'S HOSPITAL, Appellant,**

v.

**Luke HEATH, Appellee.**

**No. 7600.**

District of Columbia Court of Appeals.

Argued Jan. 24, 1974.

Decided April 12, 1974.

---

**594**

James E. Brammer, Washington, D. C., with whom John L. Laskey, Washington, D. C., was on the brief, for appellant.

Charles H. Wilson, Jr., Washington, D. C., with whom N. David Povich, Washington, D. C., was on the brief, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PER CURIAM:

The trial court entered a judgment in the amount of $50,000 for appellee in his suit against appellant for damages incurred allegedly as the result of the negligence of appellant's employees in providing him post-operative care.[1] Prior to the entry of this judgment the jury had rendered a verdict for appellee in the amount of $150,000 but the trial judge concluded that the then-existing jurisdictional limitations upon civil actions in the Superior Court[2] required him to enter a judgment for $50,000. During the argument held on this jurisdictional issue he characterized the jury's verdict for $150,000 as "excessive" and "shocking" but opined that a verdict in the $50,000 to $100,000 "range" would be supportable.

■ Appellant first attacks the judgment on the ground that a verdict found to be excessive cannot be cured by reduction but must be set aside and a new trial ordered, citing Elliott v. Black River Elec. Cooperative, 233 S.C. 233, 104 S.E.2d 357 (1958). In this jurisdiction, however, reduction by remittitur or otherwise has long been an appropriate remedy for an excessive verdict. See Munsey v. Safeway Stores, D.C.Mun.App., 65 A.2d 598 (1949); Muldrow v. Daly, 117 U.S.App.D.C. 318, 329 F.2d 886 (1964); cf. Newman v. Coakley, D.C.App., 285 A.2d 690 (1972). Therefore, we are unable to conclude that the trial court abused its discretion in curing the excessiveness of the verdict by reducing the amount recovered to the maximum allowed by statute rather than ordering a new trial.

■ Appellant next attacks the judgment on the ground that the trial court

1. Appellee underwent an operation in appellant hospital to correct an abdominal aneurysm. To reduce the danger of a pulmonary embolism after the operation his doctors ordered that he be exercised. During an exercise period a nurse told appellee to walk without assistance. Appellee did so, felt weak and dizzy, and then fell, causing an incisional hernia. As a result, appellee has suffered considerable pain and has been unable to work at his regular job for a lengthy period of time.

2. See D.C.Code 1973, § 11–921(a)(2).

failed to follow the remittitur procedure established in this jurisdiction. It says the trial judge erred in not specifically offering appellee the option of accepting either a reduction in the verdict or a new trial. We believe such a formal offer was unnecessary once the trial court found that the jurisdictional limit required that the verdict be set at $50,000.[3] We are simply not persuaded that appellant was prejudiced in any way because the court proceeded to apply the statute's jurisdictional limit to reduce the judgment rather than to offer appellee the choice of a reduced verdict or a new trial. We note again that the court unequivocally stated that a judgment ranging up to $100,000 would have been supportable.[4]

Appellant argues that since a court must order a new trial when a party rejects an offer to remit part of an excessive verdict, the trial court here should have ordered a new trial in view of appellee's argument at trial against the court's invocation of the jurisdictional statute to substitute a $50,000 judgment for the $150,000 verdict. However, in view of the fact that the trial court reduced the verdict because of the jurisdictional limit of $50,000 rather than on the basis of the traditional remittitur process, the rule appellant now · argues should have been followed simply has no application.

■ Appellant next contends that the trial court should have stricken the testimony of appellee's expert medical witness because notification that he would testify was not given until the eve of the trial, thus depriving appellant of the opportunity of discovery of expert opinion. *See* Super.Ct.Civ.R. 26(b)(4)(A)(i). While a trial judge certainly may strike testimony adduced not in accordance with the applicable rule, Hollins v. Sneed, D.C.App., 300 A.2d 447 (1973), we also recognized there that the judge has considerable discretion in whether or not to take this grave step. In the instant case, the trial court heard extensive argument on appellant's contention that the doctor's testimony should not be received and it finally determined under the particular circumstances here to admit such testimony.[5] We are unable to say the court's resolution was an abuse of its discretion which requires a new trial.

Finally, appellant argues that there is such a marked discrepancy between appellee's own testimony describing the pain he has suffered and the descriptions by his two expert witnesses of the pain a person *would* experience from such an injury that the causal connection between the hospital's negligence and his pain and suffering is lacking. Without repeating the deliberative process already engaged in by the trier of fact we are satisfied that there is sufficient evidence in the record to support a finding that the negligent acts proved at trial [6] caused the damages for which recovery was sought and allowed.

Affirmed.

3. Appellee has not challenged on appeal the trial court's jurisdictional ruling. *See* Newman v. Coakley, *supra.*

4. The record reflects that appellee's special damages totalled almost $25,000.

5. Briefly stated, Dr. Simmons, the physician consulted for treatment of the incisional hernia, was initially named as a defendant so that access to him was only through the normal discovery process. Dr. Simmons was later dismissed from the case as a defendant but various delays prevented appellee's attorneys from meeting him until two days before the trial. After this meeting, they determined that they needed additional expert testimony which was obtained by having another doctor examine appellee on the morning of the trial. Appellant opposed a continuance sought by appellee to allow more time to obtain a new expert.

The trial judge noted the problem of eliciting testimony from an expert who was also a party defendant until almost the eve of the trial date and the likelihood of reticence induced by possible interrogations of an adverse party defendant. The trial judge, in order to minimize the element of surprise, ruled that the expert's testimony would be limited to one facet of the case and solely to giving a general opinion.

6. It is not urged on appeal that evidence of negligence on the part of the hospital's employees was lacking.