**GRAY LINE, INC., Appellant,**

v.

**June C. KEATON, Appellee.**

**No. 79–626.**

District of Columbia Court of Appeals.

Argued March 12, 1980.

Decided March 3, 1981.

---

Austin F. Canfield, Jr., Washington, D. C., with whom Edward J. Gorman, Jr., Washington, D. C., was on the brief for appellant.

Jerome Murphy, Washington, D. C., for appellee.

Before KELLY, KERN and HARRIS, Associate Judges.

KERN, Associate Judge:

Appellant Gray Line challenges on various grounds the judgment entered after a jury verdict in favor of appellee June Keaton in the amount of $16,000 for personal

injuries she had allegedly suffered as a result of appellant's negligence.

Appellee testified that appellant's bus backed into the bus she was driving, but had temporarily parked, and so jolted her as to leave her with a permanent back injury. An orthopedic surgeon who had first examined her some months after this collision and then once again before trial testified that in his opinion she was suffering from a lumbosacral strain (Record at 83) and that her condition was of a permanent nature (Record at 90) and "consistent" with the "history" of the accident she had recounted to him. (Record at 84.)

The expert witness for appellee was confronted on cross-examination with evidence that between the date her bus had been struck by appellant and his examination she was in *another* vehicular accident. (Record at 96–97.)[1] He acknowledged that he did not know about this accident at the time he examined her. (Record at 97.) The physician testified that the injured condition of her back could be related to *either* the first accident in September 1976, which was the subject of this suit, *or* her second accident, which occurred less than two months later in November 1976 and prior to his examination of her.[2] (Record at 98–99.)

There was also evidence that appellee had incurred a back injury in June 1975 necessitating medical treatment (Record at 36, 48), and that in July 1977, prior to the trial, she had "reinjured" her back while a passenger on a Metro train. (Record at 40–41.)

■ Appellant argues that in light of all these injuries to appellee's back occurring prior to trial and the inability of her expert witness to state that the September 1976 accident at issue here caused her lumbo-

sacral strain, the court should have taken from the jury her claim for damages for residual injury.

Appellee, in response, points to her own testimony of suffering continuing pain and undergoing continual treatment after the collision in question and argues that even in the absence of medical testimony concerning the exact cause of her condition, the jury could still properly consider the issue of the permanency of her injury. *American Marietta Co. v. Griffin*, D.C.App., 203 A.2d 710, 712 (1964). In *Jones v. Miller*, D.C. App., 290 A.2d 587, 590 (1972), this court recognized the need for expert testimony, in addition to a complainant's testimony, when recovery is sought for permanent injury, or "complicated medical questions must be resolved." *See Early v. Wagner*, D.C.App., 391 A.2d 252 (1978).[3]

The narrow issue presented then is whether within the meaning of *Jones* the evidence in this case on the permanency of the injury is "medically complicated" so as to have required *medical testimony* that appellee's back condition was caused by appellant's colliding with her bus in September. We conclude that given the unique circumstances of two vehicular accidents occurring to appellee within less than two months of each other in 1976 and the occurrence of two other accidents prior to trial in which she incurred injury to her back and for which she received medical treatment, this was a medically complicated case. Accordingly, it was necessary for appellee to present medical testimony that the particular collision she had with appellant's bus directly caused permanent injury to her back. Since she did not do so the trial court, in our view, erred in permitting the jury to consider her claim for permanent injury.

1. Appellee denied at trial that she had incurred any injury in the accident (Record at 40, 55) but she reported this accident to an attorney (Record at 38–39), and a subsequent claim for injury was presented on her behalf. (Record at 53–54, 171–72.)

2. Appellant's expert witness testified that his examination of appellee prior to trial revealed no "objective evidence" of any condition requiring treatment. (Record at 151, 157.) Thus,

appellant's expert appears to be pitted against appellee herself on the issue of permanency of her injury from this particular accident. *See D. C. Transit v. Simpkins*, D.C.App., 367 A.2d 107, 109 (1976).

3. The instant case does not fit within any of the categories listed in *Early v. Wagner* permitting causation to be shown by a complainant's own testimony alone. *Supra* at 254–55.

■    Appellant argues that the trial court also should have directed a verdict in its favor on the issue of negligence. We are not so persuaded given the testimony of appellant's employee that he deliberately rolled his bus backward down an incline in order to jump-start it and thereby ran into appellee's bus.[4]  Nor are we persuaded that the trial court abused its discretion in refusing to declare a mistrial when appellee's counsel during his opening statement to the jury stated to the jurors, before opposing counsel's objection interrupted his remarks, that "by making us prove all this in court, the bus company [appellant] has laid the checkbook squarely in your hands . . . ." (Record at 10.)  We agree with appellant that such remark was inflammatory and so we concur with the admonition given appellee's counsel by the trial judge. However, we do not consider this remark to have had sufficient impact to prejudice appellant and require the declaration of a mistrial.

■    Accordingly, the finding of negligence on the part of appellant is affirmed, but we set aside the verdict and reverse the judgment and remand the case for a new trial on the issue of damages.[5]  *Early v. Wagner, supra.*

*Affirmed in part, reversed in part, and remanded.*

KELLY, Associate Judge, dissenting:

Expert medical opinion is required if either the question of causality between the negligent act and the alleged injuries or of the permanency of injuries is medically complicated. *Jones v. Miller*, D.C.App., 290 A.2d 587 (1972). In *D. C. Transit Systems, Inc. v. Simpkins*, D.C.App., 367 A.2d 107 (1976), we recognized that where the defense offered the medical opinion of a qualified physician, a finding for the plaintiff based only on lay opinion was without evidentiary support. Nonetheless, the award of damages in *Simpkins* was affirmed because a physician's report received into evidence by stipulation provided the requisite evidentiary support. *Id.* at 109.

As was so in *Early v. Wagner*, D.C.App., 391 A.2d 252 (1978), although I am in agreement with the majority on the applicable legal principles, I dissent from the result in this case. I do not quarrel with the majority's holding that this was a "medically complicated case" in which expert testimony was required. Our difference is only on whether testimony given by appellee's expert witness, Dr. Jackson, satisfied the requirement.

Dr. Jackson testified that continuing lumbosacral strain could have been caused by the flexion injury which occurred when appellant's bus collided with the bus in which appellee was seated, and that appellee's injuries were of a permanent nature. During vigorous cross-examination Dr. Jackson was asked whether he was aware of other accidents in which appellee was involved. This cross-examination of appellee's expert affected the weight to be given to his testimony but it did not negate as a matter of law his earlier statements on direct examination which I accept as supplying the necessary evidentiary predicate for submitting the issue to the jury. In my judgment the jury verdict should not be disturbed because, based upon this record, it was not error for the trial judge to submit to the jury appellee's claim for damages. Accordingly, I would affirm.

---

4. We do not find the trial court committed reversible error in admitting into evidence the deposition of this employee in light of the record of the pretrial proceedings here and the rules of the trial court applicable to persons testifying on behalf of a corporation. Super.Ct. Civ.R. 30(b)(6) and 32(a)(2).

5. We find without merit appellant's contention that the trial court erred in allowing the jury to consider certain medical bills as evidence of out-of-pocket expenses appellee incurred in obtaining on-going medical treatment for the injury at issue here.